**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   v.<br><br>RAHEEL NAVIWALA,<br><br>       *Defendant.* | No. 24-cr-00099 (MEF)<br><br>**OPINION and ORDER** |

The United States moved on January 27 to dismiss two counts of the trial Indictment under Federal Rule of Criminal Procedure 48.

By letter dated January 29, the United States explained that it seeks a without-prejudice dismissal. See Docket Entry 113. This would allow the United States to potentially try to proceed, later, on the two dismissed counts.

Per his letter of January 30, the Defendant set out his position: he is fine with dismissal of the two counts, but only if the dismissal is with prejudice. See Docket Entry 115. This would end things as to the two counts --- the United States would not be able to go forward on those counts in the future.

\*   \*   \*

The Court's view for now is that the United States' motion must be denied.

\*   \*   \*

It is true, as the United States notes, that the norm is this: Rule 48 dismissals are without prejudice.

And it is also true, as the United States notes, that a step away from the norm, to a dismissal with prejudice, typically

runs through a showing of prosecutorial bad faith --- and there is zero suggestion of that here.

But these general principles do not speak to the situation now before the Court.

Here, the United States aims to prosecute the Defendant (at a trial starting next week) while preserving the option (via a dismissal without prejudice) of later going forward at another trial on two counts --- counts that would rely on evidence that is virtually identical to the evidence that will be presented at the next-week trial.

This would leave the Defendant in limbo --- fighting one set of criminal charges, while what hangs over his head is another set of criminal charges, that carbon-copy evidence from the first set.

This is, at least in rough terms, the sort of situation that Rule 48 speaks to. See Rinaldi v. United States, 434 U.S. 22, 30 n.15 (1977) ("The principal object of the [Rule 48] 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection.").

The United States' answer to this, though not explicit, appears to be that it operates in good faith.

The suggestion may be this: if the Defendant secures an acquittal at the trial starting next week, the United States would not then turn around and seek to use the two open counts as a basis for another trial.

But if the idea is that the United States will not play certain cards --- why fight to hold onto them?

And why should the Defendant bear the risk that the United States, in the future, might have a change of heart?

As to the second question, one answer might be that if it comes to it, the Defendant can make a motion to dismiss --- later, but still before a hypothesized second trial gets underway.

But Rule 48 aims to nip that sort of answer in the bud. The Rule seeks to relieve defendants from "repeated prosecutions that are dismissed before jeopardy attaches." In re Richards, 213 F.3d 773, 788 (3d Cir. 2000).

And that principle applies with special force here.  Because here there <u>will</u> be a prosecution as to which jeopardy attaches, the trial next week.  <u>Cf.</u> <u>Woodring</u> v. <u>United States</u>, 311 F.2d 417, 424 (8th Cir. 1963) ("If a trial has been commenced, a defendant . . . may properly object to a dismissal without prejudice.") (cited by the Supreme Court in <u>Rinaldi</u>).  And because here any future prosecution on the two counts would plainly be "repeated" --- because it would concern virtually the same evidence as the next-week trial.

*   *   *

There is another issue, too.

A court's exercise of its (very narrow) Rule 48 discretion is not just a matter of protecting the Defendant.  It is also a matter of protecting the public interest.  <u>See</u> <u>Rinaldi</u>, 434 U.S. at 30 n.15.

A word on that.

Trials in our system are the main event.  And because of that, minds are concentrated.  Lawyers focus in and develop their best arguments --- this is their chance.  And members of our community are mustered to come out and decide the case as jurors --- and they take their task seriously in part because they know that they are the ones who will be burdened with making <u>the</u> bottom-line decision.

But all of this works because there is an implicit expectation of one-and-done.  Everyone knows there is nothing sitting behind the trial; the trial is the trial, there will not be another one (barring something unusual).

The United States' position would undo this here, by leaving open the possibility of another trial.  This would whittle away at the integrity of the trial that is to take place next week.  If there can be a do-over, next week's trial could well function as something of a warm-up.  That is not how it is supposed to be.[1]

---

[1]  There is no need here to catalog the many ways in which a possible two rounds of trial would be at odds with some of the basic commitments of our criminal justice system.  But consider one, as an example: if next week's trial gets off on the wrong foot from the United States' perspective --- why not tank the case?  Why call the key cooperating witness at next week's trial

3

\*   \*   \*

In a nutshell: the Court's preliminary inclination would be to deny the United States' motion to dismiss Counts Five and Six of the Indictment because it is sought on a without-prejudice basis.

The Court's sense, for now, is that only a with-prejudice dismissal threads the needle --- of serving "the essential judicial function of protecting the [Defendant and the] public interest in the evenhanded administration of criminal justice without encroaching on the primary duty of the Executive to take care that the laws are faithfully executed." <u>United States</u> v. <u>Cowan</u>, 524 F.2d 504, 512-13 (5th Cir. 1975).

\*   \*   \*

Why is the above conclusion hedged?

Two reasons.

First, the law in this area is thin, and the lawyers have been both preparing intensely for trial and operating under tight page limits and tight time limits set by the undersigned. They may wish to do a bit more briefing on this issue. And if there is more briefing, the Court's mind will remain open.

Second, the parties may have other ideas to fold into the mix.

The United States, for example, may want the Court to definitively deny its motion now --- so that it has time to seek relief from the Court of Appeals before trial.

Or the United States may want to move to dismiss with prejudice --- a motion, as noted, that the Court would grant (<u>after</u> next week's jury is seated and sworn, and jeopardy attaches).

---

and expose him to cross-examination? After all, would it not be better to save the cooperating witness for the next trial, when there will perhaps be a "better" jury? The point here is not about the prosecutors before the Court. Not at all. They are plainly both honorable and skilled. The point is that the United States' position here opens the door to possible gamesmanship (and mischief), of a kind that would alter in meaningful ways our basic truth-seeking process.

4

The Court will enter a brief text order to solicit the parties' views as to next steps.

IT IS on this 31st day of January, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.