Doug Passon
Law Offices of Doug Passon, PC
10565 N. 114th St., Suite 101
Scottsdale, AZ 85259
Telephone: 480.448.0086
Email: doug@dougpassonlaw.com
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>RAHEEL NAVIWALA,<br><br>     Defendant. | CASE NO.  2:24-CR-99<br><br>**DEFENDANT'S RENEWED MOTION TO DISMISS SUPERSEDING INDICTMENT WITH PREJUDICE, DISQUALIFY COUNSEL AND TO STRIKE THE GOVERNMENT'S RECENT FILINGS**<br><br>COURT: Hon. Matthew W. Brann |



Attorney General Pam Bondi, X Post, December 8, 2025, 1:49 P.M., available at
https://x.com/AGPamBondi/status/1998102734680318084/photo/1

.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ iii

I. Summary of Arguments ................................................................................ 1

II.  Pertinent Procedural History ...................................................................... 3

III.  The Government is Judicially Estopped from Advancing a Position it Previously Disavowed ................................................................................ 7

IV.  Whether to an Individual or a Committee, a *De Facto* U.S. Attorney May Not be Designated ................................................................................ 11

V.  The Government Has Made Clear it Has No Intention of Complying with the Law,  So the Law Demands Dismissal of the Superseding Indictment with Prejudice ..................................... 14

CONCLUSION ................................................................................ 17

CERTIFICATE OF SERVICE ................................................................................ 18

# TABLE OF AUTHORITIES

## Cases

*G-I Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247 (3d Cir. 2009) ............................................ 9

*Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. GMC*, 337 F.3d 314 (3d Cir. 2003) .............. 10

*New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) ..................................................... 9

*Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355 (3d Cir. 1996) .............. 8, 9

*Thomas v. INS*, 35 F.3d 1332 (9th Cir. 1994) ........................................................... 11

*United States v. Biden*, 729 F. Supp. 3d 430, 443-444 (D. Del. 2024) ................................. 9

*United States v. Comey*, No. 1:25-cr-00272, 2025 U.S. Dist. LEXIS 232850 (E.D. Va. Nov. 24, 2025) ........................................................................................................... 15

*United States v. Garcia*, No. 2:25-cr-00230; No. 2:25-cr-00227; No. 2:25-cr-00240; No. 3:25-cr-00026; 2025 U.S. Dist. LEXIS 194389, 2025 WL 2784640 (D. Nv. Sept. 30, 2025)................ 15

*United States v. Giraud*, __ F. 4th __, 2025 U.S. App. LEXIS 31083, 2025 WL 3439752 (3d Cir. 2025) ................................................................................................... *passim*

*United States v. Giraud*, 795 F. Supp. 3d 560, 2025 U.S. Dist. LEXIS 162451, 2025 WL 2416737 (D.N.J. 2025)................................................................................................ *passim*

*United States v. Giraud*, No. 1:24-cr-00768; No. 2:25-cr-00436, 2025 U.S. Dist. LEXIS 148014, 2025 WL 2196794 (D.N.J. Aug. 1, 2025) .................................................................. 14

*United States v. James*, No. 2:25-cr-00122, __ F.Supp.3d __, 2025 U.S. Dist. LEXIS 233031, 2025 WL 3266931 (E.D. Va. Nov. 24, 2025)............................................................... 13, 15

*United States v. Ramirez*, No. 5:25-cr-264, No. 2:25-cr-655, No. 22-cr-573, __ F.Supp.3d __, U.S. Dist. LEXIS 222414, 2025 WL 3019248 (C.D. Cal. Oct. 28, 2025)...................................... 15

## Statutes

28 U.S.C. § 509 .................................................................................................. 11

28 U.S.C. § 510 .................................................................................................. 11

28 U.S.C. § 541 .............................................................................................. 11, 13

28 U.S.C. § 546 .................................................................................................. 13

5 U.S.C. § 3347 .................................................................................................. 12

## Other Authorities

"Defendant Christopher Matthaei's Reply Brief in Further Support of His Motion to Dismiss, Or in the Alternative to Disqualify and for Limited Discovery," *United States v. Matthaei*, 3:24-cr-00412-GC (D.N.J. Dec. 12, 2025), ECF Doc. 76 ......................................................... 6

"Motion to Dismiss Indictment and Disqualify United States Attorney," *United States v. Black*, 1:25-cr-3354 (D.N.M. Sept. 10, 2025), ECF Doc. 20 ............................................................. 15

"Notice of Motion to Dismiss Superseding Indictment," *United States v. Torres*, 2:24-cr-00378-KSH (D.N.J. Dec. 12, 2025), ECF Doc. 91 ............................................................. 6

"Notice of Motion To Quash Grand Jury Subpoenas," *In Re Grand Jury Subpoenas to the Office of the New York State Attorney General*, 1:25-mc-00019 (N.D.N.Y. Aug. 19, 2025), ECF Doc. 1-2 ............................................................. 15

"Order Granting Renewed Motion for Preliminary Injunction," *Newsome v. Trump*, 3:25-cv-04870 (N.D. Cal. Dec. 10, 2025), ECF Doc. 225 ............................................................. 2

"Philip Lamparello (Personal Account)," Linkedin ............................................................. 12

Appellant's Brief, *United States v. Giraud*, 25-2635 at 53 (3d Cir. Sept. 12, 2025), ECF Doc. 252

Att'y Gen. Pamela Bondi, Ofc. of Att'y Gen., Order No. 6510-2025 ............................................................. 5, 12

Dep't of Justice, U.S. Attorney's Ofc. Dist. of New Jersey, "Divisions," ............................................................. 11

Devlin Barrett and Jonah E. Bromwich, *Halligan Continues as U.S. Attorney, Prompting Criticism From Judges*, N.Y. Times, Dec. 5, 2025 ............................................................. 16

Khaleda Rahman, "Donald Trump Caught on Hot Mic Tearing Into Republicans," Newsweek, Dec. 9, 2025 ............................................................. 3

Order, *United States v. Perez*, 1:25-cr-00573-CPO, ECF Doc. 44 ............................................................. 6

Sarah N. Lynch and Andrea Shahal, "White House Seeks to Advance Lindsey Halligan's Nomination as US Attorney, but Faces Hurdles," Reuters*, Dec. 11, 2025 ............................................................. 10

Statement of AG Bondi and DAG Blanche, X Post, Dec. 8, 2025 ............................................................. 16

Statement of Alina Habba, X Post, Dec. 8, 2025, 1:46 p.m. ............................................................. 5

Statement of Attorney General Pam Bondi, X Post, December 8, 2025, 1:49 P.M. ............................................................. 5

*United States v. Giraud*, 25-2635 (3d Cir. Dec. 11, 2025), ECF Doc. 84 ............................................................. 5

## Rules

Sup. Ct. R. 13 ............................................................. 6

Defendant RAHEEL NAVIWALA, by and through undersigned counsel, in order to address recent events and at the Government's invitation to file the instant motion, ECF Doc. 268 at 2 ("If Naviwala wants to challenge the USAO-NJ's current supervisory structure, this Court should require him to do so by motion and set an expedited briefing schedule."), hereby renews his motion to disqualify counsel and dismiss the superseding indictment, ECF Doc. 257, and supplements the same. In so doing, Mr. Naviwala incorporates herein by reference said motion and his reply to the Government's response in opposition. ECF Doc. 265. Mr. Naviwala also renews his motion to strike the Government's letter brief in opposition to his motion to dismiss, ECF Doc. 260, and now also moves to strike the Government's letter filed on December 15, 2025. ECF Doc. 268.

This matter has gone on long enough, the Government appears dead-set on evading the Appointments Clause, exhaustion of appellate remedies will not occur any time soon, and most pertinently, Mr. Naviwala's due process rights have already been irrevocably violated. This Court should not countenance the Government's obstinacy a moment longer and grant the motions to strike, disqualify and dismiss. Mr. Naviwala joins in the Government's request for an expedited briefing schedule.

## I. SUMMARY OF ARGUMENTS

The U.S. Court of Appeals for this Circuit has now affirmed this Court's order disqualifying Alina Habba and those acting pursuant to her authority or under her supervision. This resulted in her subsequent resignation. Immediately thereafter, the Attorney General designated three Department of Justice attorneys to replace Ms. Habba as a *de facto* United States Attorney council.

**This latest maneuver does not change or moot anything.** Not only is the Government on record that such a work-around constitutes a "*reductio ad absurdum* of [this Court's *Giraud*]

1

ruling," but as the Government correctly observes, "it is not evident why that distinction would be material under [this Court's] reasoning." Appellant's Brief, *United States v. Giraud*, 25-2635 at 53 (3d Cir. Sept. 12, 2025), ECF Doc. 25. Thus, even by the Government's own admission, the council of three is just as unqualified to perform the functions of the U.S. Attorney by designation as was Ms. Habba. Not surprisingly, as noted below, litigation already is underway in this District regarding this second and ultimately illegal maneuver.

In the words of Judge Charles Breyer of the Northern District of California recently addressing other illegal conduct of the Government, "[t]he Founders designed our government to be a system of checks and balances. [The Government], however, make[s] clear that the only check [it] want[s] is a blank one." "Order Granting Renewed Motion for Preliminary Injunction," *Newsome v. Trump*, 3:25-cv-04870 (N.D. Cal. Dec. 10, 2025), ECF No. 225 at 1 (Breyer, J.). The Appointments Clause and "[t]he vesting and delegation statutes in 28 U.S.C. §§ 509 and 510," *United States v. Giraud*, __ F. 4th __, 2025 U.S. App. LEXIS 31083, *29, 2025 WL 3439752 (3d Cir. 2025), make clear that the Attorney General does not have a blank check to simply designate just anyone or any group of individuals she wishes to function as the *de facto* United States Attorney for this District.

It is therefore quite notable that the Government does not even attempt to explain its about-face let alone acknowledge its prior explicit opposition to the very position it now advances. It is simply more shameless gamesmanship that this Court should no longer countenance through judicial estoppel.  Removing all doubt that the Government has absolutely no intention to seat a Senate-confirmed nominee as U.S. Attorney for the District of New Jersey are the words of President Trump himself: "I guess I just have to keep appointing people for three months and then just appoint another one, another one. It's a very sad situation. We're losing tremendous,

we're losing a lot of great people." Khaleda Rahman, "Donald Trump Caught on Hot Mic Tearing Into Republicans," Newsweek, Dec. 9, 2025, available at https://www.newsweek. com/donald-trump-caught-on-hot-mic-tearing-into-republicans-11178147.

It is far past time for this Court to hold the Government accountable for its refusal to follow the Constitution and laws of the United States. As the Government purposefully, wrongfully, and now desperately continues in its cynical effort to evade the Appointments Clause notwithstanding more than sufficient opportunity to comply with its requirements, this Court should grant all of Mr. Naviwala's outstanding motions and dismiss the superseding indictment. This is so even if the Government ultimately prevails under its latest theory of delegation, which, if it ever even happens, will not be for a year or more in all likelihood. What Government vindication under this new theory can never address, after all, is the fact that an unconstitutional delay already has been imposed on Mr. Naviwala. He should not be forced to continue enduring an ongoing violation of his due process rights solely because of the Government's litigation tactics.

## II. PERTINENT PROCEDURAL HISTORY

On July 11, 2025, Judge Farbiarz set sentencing in this matter for October 1, 2025, stating that "[t]here will be no further adjournments" and so Mr. Naviwala "shall prepare for sentencing on that understanding." ECF Doc. 237.

On August 21, 2025, in an unrelated matter, this Court ordered the disqualification of Alina Habba and those acting pursuant to her authority or under her supervision. *United States v. Giraud*, 795 F. Supp. 3d 560, 2025 U.S. Dist. LEXIS 162451, 2025 WL 2416737 (D.N.J. 2025).

On September 2, 5, and 8, 2025, Mr. Naviwala moved to disqualify Alina Habba and those prosecuting him pursuant to her authority or under her supervision in light of this Court's decision in *Giraud*. ECF Docs. 241, 243, and 244. Mr. Naviwala did ***not*** move for a stay in light of Judge Farbiarz's prior ruling.

3

On September 15, 2025, Judge Farbiarz transferred this matter to your Honor. ECF Doc. 248.

On September 22, 2025, this Court stayed *sua sponte* all proceedings and pending motions in this matter "pending resolution of the consolidated appeal in *Giraud* and *Pina*." ECF Doc. 250 at 3.

On October 22, 2025, Mr. Naviwala filed his motion to dismiss the superseding indictment with prejudice in light of this Court's decision in *Giraud*. ECF Doc. 257.

On October 31, 2025, the Government filed its response in opposition to the motion to dismiss. ECF Doc. 259.

On November 7, 2025, Mr. Naviwala filed a motion to strike the Government's response in opposition and to disqualify the Government's counsel. ECF Doc. 260.

On November 10, 2025, the Government filed its response in opposition to Mr. Naviwala's motion to strike and to disqualify. ECF Doc. 263.

On November 14, 2025, Mr. Naviwala filed his reply to the Government's response in opposition to his motion to dismiss. ECF Doc. 265.

On November 17, 2025, Mr. Naviwala filed his reply to the Government's response in opposition to his motion to strike and to disqualify. ECF Doc. 266.

On December 1, 2025, the U.S. Court of Appeals for the Third Circuit affirmed this Court's order disqualifying Alina Habba. *See United States v. Giraud*, __ F. 4th __, 2025 U.S. App. LEXIS 31083, *38, 2025 WL 3439752 (3d Cir. 2025) ("Habba is not the Acting U.S. Attorney for the District of New Jersey . . . [and] the Attorney General's delegation of all the powers of a U.S. Attorney to Habba is prohibited by the FVRA's exclusivity provision. Therefore, we will affirm the District Court's disqualification order.").

On December 8, 2025, Ms. Habba "decided to step down in [her] role as the United States Attorney for the District of New Jersey." Statement of Alina Habba, X Post, Dec. 8, 2025, 1:46 p.m., https://x.com/AlinaHabba/status/1998101999024550125?s=20.  Shortly thereafter, rather than finally seating a Presidentially-Nominated and Senate-Confirmed ("PAS") nominee, the Government via the Attorney General instead engaged in another end-run around the Appointments Clause by delegating the functions of the United States Attorney to three non-PAS staff attorneys to collectively perform. Att'y Gen. Pamela Bondi, Ofc. of Att'y Gen., Order No. 6510-2025 (hereinafter "AG's Order"), https://www.justice.gov/opa/media/1420361/dl. The Attorney General ostensibly did this to "ensure continuity in leadership in the District of New Jersey," *id.*, but vowed "to seek further review of this decision" notwithstanding Ms. Habba's resignation. Statement of Attorney General Pam Bondi, X Post, December 8, 2025, 1:49 P.M., available at https://x.com/AGPamBondi/status/1998102734680318084/ photo/1. The Attorney General further stated that the Department of Justice "is confident that [*Giraud*] will be reversed" and that Ms. Habba will "return to lead the U.S. Attorney's Office for the District of New Jersey if this occurs." *Id.*

Also on December 8, 2025, Mr. Naviwala filed a letter with this Court stating that the Attorney General's "designations do not solve the vacancy problem or otherwise address the Appointments Clause violation. Nor do they moot Mr. Naviwala's motion to dismiss the superseding indictment. Accordingly, I respectfully urge the Court to schedule a telephonic conference call as soon as possible to discuss next steps in the instant matter." ECF 267 at 1.

On December 11, 2025, the Government was granted an extension of time to file its petition for rehearing or rehearing *en banc* until January 14, 2026. *United States v. Giraud*, 25-2635 (3d Cir. Dec. 11, 2025), ECF Doc. 84. Thus, it is clear that appellate remedies will not be

exhausted for quite some time.[1]

On December 12, 2025, in an unrelated matter, a defendant filed a challenge to the legitimacy of the Attorney General's new delegations. "Notice of Motion to Dismiss Superseding Indictment," *United States v. Torres*, 2:24-cr-00378-KSH (D.N.J. Dec. 12, 2025), ECF Doc. 91 at 8-10.

On December 12, 2025, in an unrelated matter, a defendant indicated he "will be filing an additional motion to disqualify and enjoin, as well as to dismiss the Indictment, based on Attorney General Pamela Bondi's subsequent unlawful 'appointments and authorizations.'" "Defendant Christopher Matthaei's Reply Brief in Further Support of His Motion to Dismiss, Or in the Alternative to Disqualify and for Limited Discovery," *United States v. Matthaei*, 3:24-cr-00412-GC (D.N.J. Dec. 12, 2025), ECF Doc. 76 at 31 n.8 (citation omitted).

On December 15, 2025, in an unrelated matter, Judge O'Hearn ordered further briefing on the legitimacy of "the current operation of the United States Attorneys' Office no later than January 12, 2026." Order, *United States v. Perez*, 1:25-cr-00573-CPO, ECF Doc. 44.

On December 15, 2025, the Government filed a letter in this matter claiming that, subsequent to her resignation as "Special Attorney," Ms. Habba has been "appointed Senior Advisor to the Attorney General for U.S. Attorneys"[2] and so no longer "supervise[s] any AUSAs in the

---

[1] The Government also has up to March 2, 2026, in which to file a petition for *certiorari*. *See* Sup. Ct. R. 13(1) ("a petition for a writ of *certiorari* . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"). Although, that time will be extended if the Government files a petition for rehearing in the Third Circuit. *See* Sup. Ct. R. 13(3). Moreover, the Government may seek an additional extension in which to petition for *certiorari* of up to 60 days. *See* Sup. Ct. R. 13(5). Thus, the Government may not need to even file a petition for *certiorari* until next summer nearly ensuring the matter will not even be argued and decided until sometime in 2027.

[2] The Government does not explain what Ms. Habba will actually do in this position—a position that does not appear to have even existed prior to Ms. Habba's resignation—aside from supervising cases in the District of New Jersey "from time-to-time." ECF Doc. 268 at 1.

USAO-NJ, including those assigned to this case." ECF Doc. 268 at 1. But in the very next sentence, the Government also states that Ms. Habba "may from time-to-time exercise supervision over particular cases or issues in the District of New Jersey." *Id.* Thus, it appears the Government is reserving the right to reinsert Ms. Habba into the position from which she was disqualified at its whim.

Finally, the Government states that if Mr. Naviwala "wants to challenge the USAO-NJ's current supervisory structure, this Court should require him to do so by motion and set an expedited briefing schedule." *Id.* at 1-2. Accordingly, in light of the Government's invitation, Mr. Naviwala files the instant motion and joins the Government's request for an expedited briefing schedule.

### III.  THE GOVERNMENT IS JUDICIALLY ESTOPPED FROM ADVANCING A POSITION IT PREVIOUSLY DISAVOWED

In *Giraud*, this Court held that

> once FVRA and position-specific temporary appointments statutes have been exhausted, no one may hold the vacant office in *any* capacity, and only the department head may perform the exclusive and nondelegable duties of that office. If anyone else performs such duties, those actions are forever void. As to the vacant office's nonexclusive and delegable duties—those not covered by the narrow definition of "function or duty"—they may not all be vested in a single person through delegation.

*Giraud*, 2025 U.S. Dist. LEXIS 162451, *62-63 (emphasis in original). With respect to the fact that the "nonexclusive and delegable duties . . . may not all be vested in a ***single person***," *id.* (emphasis added), this Court dropped a footnote stating in *dicta* that "I do not express any opinion on the possibility of parceling out these duties to separate individuals or delegating only a clearly limited subset of nonexclusive and delegable duties." *Id.* 2025 U.S. Dist. LEXIS 162451 at *63 n.257.

In its opening brief on appeal, the Government addressed this possibility and stated this work-around constituted a "*reductio ad absurdum* of [this Court's [*Giraud*] ruling." Appellant's Brief, *United States v. Giraud*, 25-2635 (3d Cir. Sept. 12, 2025), ECF Doc. 25 at 53. The Government also correctly observed that "it is not evident why that distinction [between a single person and several] would be material under [this Court's] reasoning." *Id*.

In affirming this Court's decision in *Giraud*, the Court of Appeals then made the following observation also in *dicta*:

> [A]s the District Court noted, our decision that the delegation of all the powers of a U.S. Attorney would run afoul of the FVRA's exclusivity provision does not necessarily mean that ***some delegation*** by the Attorney General to Habba—or to any First Assistant U.S. Attorney—would not be permissible. *Giraud*, 2025 U.S. Dist. LEXIS 162451, 2025 WL 2416737, at *26 n.257. The Government is dismissive of this view, claiming that delegation to multiple individuals rather than one results in a "*reductio ad absurdum*." Appellant's Br. 45. "It is not evident," it asserts, "why that distinction would be material." *Id.* But it ***might*** be material, as it is possible a more dispersed delegation of authority ***might not*** create a *de facto* U.S. Attorney and therefore ***might not*** run afoul of the FVRA's exclusivity provision—though we do not decide that today because those are not the facts of this case. As it stands, Habba alone is exercising all the powers of a U.S. Attorney, making her an Acting U.S. Attorney whose appointment is not FVRA compliant.

*Giraud*, 2025 U.S. App. LEXIS 31083, *37-38 (emphasis added).

The Government should be judicially estopped from trying to take advantage of a position that it previously explicitly rejected as absurd and that it asserted did not make a material difference. "Judicial estoppel, sometimes called the 'doctrine against the assertion of inconsistent positions,' is a judge-made doctrine that seeks to prevent a litigant from asserting a position inconsistent with one that she has previously asserted in the same or in a previous proceeding." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1996).

In the Third Circuit, judicial estoppel does not apply unless (1) the

> party to be estopped has taken two positions that are irreconcilably inconsistent, (2) the party's change in position was in bad faith - i.e., with intent to play fast and loose with the court and (3) no sanction short of judicial estoppel would adequately remedy the damage done by the litigant's misconduct. The party to be estopped need not have benefitted from the prior inconsistent position for judicial estoppel to be available.

*United States v. Biden*, 729 F. Supp. 3d 430, 443-444 (D. Del. 2024) (citation modified). While "judicial estoppel is generally not appropriate where the defending party did not convince the District Court to accept its earlier position," *G-I Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247, 262 (3d Cir. 2009), *as amended* (Dec. 4, 2009), that does not preclude a district court from exercising its discretion to invoke the doctrine. *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001).  Indeed, as the Third Circuit has explained,

> Stating that benefit to the party from its prior position makes application of the doctrine "particularly appropriate," however, is not the equivalent of stating that such benefit is a necessary precondition to application of the doctrine. . . . [T]he critical issue is what the [party] contended in the underlying proceeding. . . . Whether the party sought to be estopped benefitted from its earlier position or was motivated to seek such a benefit may be relevant insofar as it evidences an intent to play fast and loose with the courts. It is not, however, an independent requirement for application of the doctrine of judicial estoppel.

*Ryan Operations G.P.*, 81 F.3d at 361.

Obviously, to advance a position a party previously rejected as absurd makes the two positions "irreconcilably inconsistent."  As such, and especially given the nature of the issue—i.e., whether Government's counsel is legitimately exercising the authority of the U.S. Attorney's Office—it clearly also is in bad faith. This is easily demonstrated by the fact that the Government is now actively seeking the Senate confirmation of Lindsey Halligan—discussed in more detail below—who was also recently disqualified from acting as the U.S. Attorney for the Eastern District of Virginia on the same grounds this Court disqualified Ms. Habba. *See* Sarah N. Lynch and

Andrea Shahal, "White House Seeks to Advance Lindsey Halligan's Nomination as US Attorney, but Faces Hurdles," Reuters, Dec. 11, 2025, available at https://www.reuters.com/legal/government/white-house-seeks-advance-lindsey-halligans-nomination-us-attorney-faces-hurdles-2025-12-11/. That the Government also is not actively seeking the confirmation of Ms. Habba—or some other individual—demonstrates bad faith (as also discussed in more detail below). *See, e.g.*, Rahman, *supra* (quoting President Trump as stating "I guess I just have to keep appointing people for three months and then just appoint another one, another one. It's a very sad situation. We're losing tremendous, we're losing a lot of great people."). Finally, the sanction of estoppel is the only sanction that will address the Government's bad faith in adopting diametrically opposite positions within a mere eight days of *Giraud*: a case that it had been litigating for the last five months without ever advancing such theory.

Courts therefore invoke judicial estoppel "to prevent a litigant from playing fast and loose with the courts." *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. GMC*, 337 F.3d 314, 319 (3d Cir. 2003) (citation omitted). And that is precisely what is occurring here with the Government's cynical assertion of a position it previously contended was absurd. Accordingly, this Court should put a stop to it now and hold the Government to its prior position, which would entail that the current delegations are a nullity. Otherwise, given the Government's obstinance, once it loses on this position, it simply will develop some other outlandish theory in bad faith while continuing to operate the U.S. Attorney's Office illegitimately.

In all events, the position the Government now asserts obviously runs afoul of the FVRA even assuming *arguendo* that the Third Circuit's speculation in *dicta* is sound. As the Third Circuit stated, its speculation is qualified by the presumption that only "some delegation" of what this Court described as the "nonexclusive and delegable" duties of the U.S. Attorney would be

made. *Giraud*, 2025 U.S. Dist. LEXIS 162451 at *63. Despite these very clear qualifiers, the Government nonetheless has delegated *all* the duties of the U.S. Attorney to this triumvirate, and not some clearly defined subset of nonexclusive and delegable duties. This is evidenced by the fact that all five divisions of the U.S. Attorney's Office[3] are divided among the three appointees and there otherwise are no limitations on the delegation, nor is there any reservation of duties in the Attorney General herself. Thus, even under the Third Circuit's speculative *dicta* (for which it cites no authority),[4] the Government's latest delegations necessarily fail yet again.

## IV. WHETHER TO AN INDIVIDUAL OR A COMMITTEE, A *DE FACTO* U.S. ATTORNEY MAY NOT BE DESIGNATED

The Third Circuit's *dicta* aside, the Attorney General's delegations, which were purportedly made pursuant to 28 U.S.C. §§ 509 and 510, *see* AG Order, do not change anything. The position of U.S. Attorney remains vacant—as does the First Assistant position—and these designees, like Ms. Habba herself, may not exercise the authority of that office in any capacity whether by committee or in a piecemeal fashion. This is so because "United States Attorneys get their authority directly from Congress, ***not by delegation from the Attorney General***." *Thomas v. INS*, 35 F.3d 1332, 1338 (9th Cir. 1994) (emphasis added). This follows from the fact that "[t]he Constitution requires that 'Officers of the United States' be nominated by the President and confirmed by the Senate." *Giraud*, 2025 U.S. App. LEXIS 31083 at *4 (citing 28 U.S.C. § 541(a)). Accordingly, "Congress . . . require[s] the appointment of U.S. Attorneys to follow the [Presidential appointment and Senate confirmation] process." *Id*.

---

[3] The Divisions of the U.S. Attorney's Office for New Jersey are listed as Appeals, Civil, Criminal, Special Prosecutions, and Administrative. *See* Dep't of Justice, U.S. Attorney's Ofc. Dist. of New Jersey, "Divisions," https://www.justice.gov/usao-nj/divisions. All five of these divisions are divvied up among the committee of three.

[4] Moreover, not that past practice can justify illegality, but the undersigned is aware of no U.S. Attorney's Office that has ever operated in such a fashion once the office became vacant. This just reinforces the desperation of the Attorney General's position if not outright bad faith.

While there are exceptions that provide for "acting or interim service," such exceptions are "for a 'limited time, and under special and temporary conditions.'" *Id.* at *5. None of the exceptions apply here and the AG's Order does not cite to any. Rather, what the AG's Order does is no different than what the Third Circuit in *Giraud* expressly invalidated in Part III(B) of its opinion. *See id.* at **27-38. The AG's Order nakedly advances the "*de facto* U.S. Attorney-by-delegation theory [that] is plainly prohibited by the FVRA's exclusivity provision." *Id.* at *29 (citing 5 U.S.C. § 3347(a), (b)).

The AG's Order simply "approve[s] the prior appointment of Philip Lamprello as Senior Counsel and authorize[s] him to supervise . . . the work of the district's Criminal Division;"[5] "appoint[s] Jordan Fox as Special Attorney and authorize[s] her to supervise . . . the work of the district's Civil Division and Appellate Division;" and "appoint[s] Ari Fontecchio as Executive Assistant United States Attorney and authorize[s] him to supervise . . . the work of the district's Administrative Division." AG's Order at 1. But such delegations are precisely what *Giraud* invalidated because it "avoid[s] the gauntlet of presidential appointment and Senate confirmation" and allows "the *de facto* U.S. Attorney [to serve] indefinitely." *Id.* at *30. As the Third Circuit in *Giraud* recognized, "[t]his view is so broad that it bypasses the constitutional PAS process entirely. It also essentially eliminates the requirements of the FVRA and the U.S. Attorney-specific

---

[5] It is notable that Mr. Lamparello has only been employed by the Department of Justice since September of this year. *See* "Philip Lamparello (Personal Account)," Linkedin, last visited Dec. 15, 2025 (listing "Senior Counsel, United States Attorneys' Offices – Full-time Sep 2025 – Present"), available at https://www.linkedin.com/in/plamparello/. For, as the Third Circuit observed, "[t]he United States Attorneys' offices are some of the most critical agencies in the Federal Government. They play an important role in the criminal and civil justice systems and are vital in keeping our communities safe. The U.S. Attorney leading each office is an officer whose appointment requires Senate confirmation. Where a vacancy exists, Congress ***has shown a strong preference that an acting officer be someone with a breadth of experience to properly lead the office***." *Giraud*, 2025 U.S. App. LEXIS 31083 at *2 (emphasis added). Mr. Lamparello's four months on the job appears to be the sum total of his experience in prosecuting federal criminal offenses.

statute, § 546." *Id.* at \*30. Thus, whether the Attorney General's delegation is in a single person as in Ms. Habba, or in three as the Attorney General's Order now attempts to do, makes absolutely no difference **as the Government itself correctly observed**. Neither configuration complies with the Appointments Clause, "the FVRA," or "the U.S. Attorney-specific statute, § 546." *Id.*

The nail in the coffin to this new delegation theory is the 120-day deadline. Even if the instant delegations were otherwise valid (and, to be sure, they are not), they still would be limited to the 120-day deadline for the Attorney General to designate an interim U.S. Attorney, which has long passed.[6] Last month, the purported U.S. Attorney for the Eastern District of Virginia, Lindsey Halligan, was disqualified for the same reasons that this Court disqualified Ms. Habba, namely, that she "was unlawfully appointed in violation of 28 U.S.C. § 546 and the Constitution's Appointments Clause." *United States v. James*, __ F.Supp.3d __, 2025 U.S. Dist. LEXIS 233031, \*2, 2025 WL 3266931 (E.D. Va. 2025).  The district court agreed with the defendant that "section 546 vests the Attorney General with 120 total days to appoint an interim U.S. Attorney; **after that period, the <u>exclusive</u> authority to appoint an interim U.S. Attorney belongs to the district court.**" *Id.* at \*11-\*12 (citation modified; emphasis added).  As that 120-day period had passed—as it has here—the district court concluded as only it could, to wit, that "[t]he power to appoint an interim U.S. Attorney for the Eastern District of Virginia pursuant to 28 U.S.C. § 546 during the current vacancy lies with the district court until a U.S. Attorney is nominated by the President and confirmed by the Senate under 28 U.S.C. § 541." *Id.* at \*34.

---

[6] This Court previously ruled that the 120-day period in which to appoint an interim U.S. Attorney ran on July 1, 2025, and was not subject to renewal. *Giraud*, 2025 U.S. Dist. LEXIS 162451 at \*69.  As this Court held, "[S]ection 546 allows the Attorney General to make appointments of different individuals [to serve as the Interim U.S. Attorney], but for an aggregate of 120 days." *Id*. 2025 U.S. Dist. LEXIS 162451 at \*23.

The same holds here, of course. *Giraud*, 2025 U.S. App. LEXIS 31083 at *6-7 ("The FVRA provides that it is the **exclusive** means for temporarily authorizing an acting official to perform the functions and duties of a PAS office.") (Emphasis). To get around the FVRA's exclusivity simply by making the singular "official" plural is, indeed, an exercise in absurdity per the Government and would logically render the term "exclusive" superfluous. The Government does not have a blank check to do whatever it wants whenever it wants with respect to designating individuals—singly or by committee—to effectively serve as an interim U.S. Attorney most especially after the 120-day deadline has passed.

As the AG's Order facially commits the same fundamental error as it did with Ms. Habba's appointment but in triplicate, Mr. Lamparello, Ms. Fox, and Mr. Fontecchio must be disqualified from supervising Mr. Naviwala's prosecution as must any Assistant United States Attorney acting pursuant to their authority or under their supervision. *See Giraud*, 2025 U.S. Dist. LEXIS 162451 at *74. As this Court has previously held, "[i]f the facts should show that an AUSA is operating at the express direction of an official who is improperly appointed, the Court can validly bar them from doing so." *United States v. Giraud*, No. 1:24-cr-00768; No. 2:25-cr-00436, 2025 U.S. Dist. LEXIS 148014, *23, 2025 WL 2196794 (D.N.J. Aug. 1, 2025). As the council is just as invalid as Ms. Habba, then no AUSA acting pursuant to their authority or direction may prosecute Mr. Naviwala.  And as the Government's letter filed on December 15, 2025, implies, that is exactly the case here. ECF Doc. 268.

**V.  THE GOVERNMENT HAS MADE CLEAR IT HAS NO INTENTION OF COMPLYING WITH THE LAW,  SO THE LAW DEMANDS DISMISSAL OF THE SUPERSEDING INDICTMENT WITH PREJUDICE**

The binding law of this Circuit is now unequivocally clear: only the judges of this district may appoint an interim United States Attorney who may function as such until a PAS-compliant nominee is seated in that office. There are no exceptions and until then, the office is vacant. The

Government has had several months to easily rectify this issue but, notwithstanding a clear opportunity to finally do so with Ms. Habba's resignation, instead triples-down in bad faith on its illegal designation theory, which it believes is absurd and which the Third Circuit invalidated.

To be sure, the Government persists in this manifestly unconstitutional course of action not only in this District but in several others,[7] and does so despite repeated losses.[8] Moreover, the Government is now on record that it will continue to wage its imaginary war against "activist judges" and non-compliant Senators ceaselessly. The only question remains: at what point does the Government suffer any true consequence for this frivolous, futile, time and resource-wasting exercise? This, of course, is the question that only this Court has the power to answer.

That answer should be to dismiss Mr. Naviwala's superseding indictment with prejudice. There simply is no sound or legal reason for further delaying resolution of this matter. It is fundamentally unfair—indeed, unconstitutional—to keep Mr. Naviwala in legal, physical and

---

[7] In addition to this District, litigation pertaining to an Appointments Clause violation of the Acting U.S. Attorney is now underway in the Ninth Circuit, District of Nevada, Central District of California, District of New Mexico, Northern District of New York, and Eastern District of Virginia. *See United States v. Garcia*, No. 2:25-cr-00230; No. 2:25-cr-00227; No. 2:25-cr-00240; No. 3:25-cr-00026; 2025 U.S. Dist. LEXIS 194389, 2025 WL 2784640 (D. NV. Sept. 30, 2025), on appeal at *United States v. Garcia*, 25-6229 (9th Cir. Oct. 3, 2025); *United States v. Ramirez*, No. 5:25-cr-264, No. 2:25-cr-655, No. 22-cr-573, __ F.Supp.3d __, U.S. Dist. LEXIS 222414, 2025 WL 3019248 (C.D. Cal. Oct. 28, 2025); "Motion to Dismiss Indictment and Disqualify United States Attorney," *United States v. Black*, 1:25-cr-3354 (D.N.M. Sept. 10, 2025), ECF Doc. 20; "Notice of Motion To Quash Grand Jury Subpoenas," *In Re Grand Jury Subpoenas to the Office of the New York State Attorney General*, 1:25-mc-00019 (N.D.N.Y. Aug. 19, 2025), ECF Doc. 1-2 at 31; *United States v. James*, No. 2:25-cr-00122, __ F.Supp.3d __, 2025 U.S. Dist. LEXIS 233031, 2025 WL 3266931 (E.D. Va. Nov. 24, 2025).

[8] In addition to *Giraud*, *see Garcia*, 2025 U.S. Dist. LEXIS 194389, *49 ("Ms. Chattah [the purported Acting U.S. Attorney] is disqualified from supervising these cases or any attorneys in the handling of these cases."); *Ramirez*, __ F.Supp.3d __, U.S. Dist. LEXIS 222414, *54 (purported Acting U.S. Attorney "Essayli may not perform the functions and duties of the United States Attorney as Acting United States Attorney. He is disqualified from serving in that role."); *United States v. Comey*, No. 1:25-cr-00272, 2025 U.S. Dist. LEXIS 232850, *36 (E.D. Va. Nov. 24, 2025) ("The appointment of Ms. Halligan as Interim U.S. Attorney violated 28 U.S.C. § 546 and the Appointments Clause of the U.S. Constitution."); *United States v. James*, No. 2:25-cr-00122, __ F.Supp.3d __, 2025 U.S. Dist. LEXIS 233031, *33, 2025 WL 3266931 (E.D. Va. Nov. 24, 2025) (same).

psychological limbo in violation of his due process rights solely because the Government refuses to follow the law despite repeated opportunities to do so. And does so in open disdain for the Judiciary.

For example, subsequent to Lindsey Halligan's disqualification, a judge "told prosecutors that he found it 'difficult to reconcile' the fact that Ms. Halligan continued to oversee cases in the district . . . [despite the *James*] ruling, which 'clearly found that Ms. Halligan is disqualified as serving as the interim U.S. attorney or the U.S. attorney at all.'" Devlin Barrett and Jonah E. Bromwich, *Halligan Continues as U.S. Attorney, Prompting Criticism From Judges*, N.Y. Times, Dec. 5, 2025 (quoting Judge Nachmanoff), https://www.nytimes.com/2025/12/05/us/ politics/halligan-us-attorney-judiciary.html. Judge Nachmanoff found it "unsatisfying to hear that something that appears to be in direct contravention of [the disqualification] order is on this pleading." *Id.* Accordingly, Judge Nachmanoff "decided to delete the U.S. attorney title next to Ms. Halligan's name in the court filing." *Id.*

This prompted none other than the Attorney General and her Deputy to issue the following statement:



Statement of AG Bondi and DAG Blanche, X Post, Dec. 8, 2025, https://x.com/thejus-ticedept/status/1998026918591946865.

The Government's open disdain for the judicial branch—which comes from the top—along with its latest futile efforts to evade the Appointments Clause on a theory that it believes is absurd, leaves this Court with no other option than to immediately vindicate Mr. Naviwala's con-stitutional rights by granting his motion to dismiss forthwith. It is the only remedy available, and it is the remedy the law and justice demands.

## CONCLUSION

IN LIGHT OF THE ABOVE, Mr. Naviwala respectfully requests that this honorable Court grant all pending motions and dismiss the Superseding Indictment with prejudice.

RESPECTFULLY SUBMITTED,

Dated:  December 16, 2025.

DOUG PASSON

 /s/ DOUG PASSON
Attorney for Defendant
RAHEEL NAVIWALA

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2025, the foregoing DEFENDANT'S RENEWED MOTION TO DISMISS SUPERSEDING INDICTMENT WITH PREJUDICE, DISQUALIFY COUNSEL AND TO STRIKE THE GOVERNMENT'S RECENT FILINGS was filed electronically and a copy was served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Doug Passon_____
DOUG PASSON