

**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

---

*970 Broad Street, 7th floor*          *973-645-2700*
*Newark, New Jersey 07102*

January 22, 2026

Hon. Matthew W. Brann
Chief United States District Judge
U.S. Courthouse and Federal Office Building
240 West Third Street
Williamsport, PA 17701

   Re: *United States v. Raheel Naviwala*, Crim. No. 24-099
     *United States v. Daniel Torres*, Crim. No. 24-378

Dear Chief Judge Brann:

  Please accept this letter in lieu of a formal brief responding to the amicus curiae brief ("ACB") of the Association of Criminal Defense Lawyers of New Jersey.

  The core problem with the amicus's position—and the defendants'—is their presumption that the powers of a U.S Attorney are being divided. In fact, the Attorney General has delegated a subset of her own powers—powers involving functions that "the Constitution" does not "require" her to "personally perform[.]" *Kennedy v. Braidwood Mgmt., Inc.*, 606 U.S. 748, 785 n.6 (2025). As the Government explained in its responsive brief ("RB"), even if Congress were to eliminate the office of U.S. Attorney for the District of New Jersey, the Attorney General would still have control over all litigation by the United States in the District and could delegate that control the same way she has here. RB19–20. Furthermore, even if there were a Senate-confirmed or judicially appointed U.S. Attorney in place, the Attorney General could order that person to report to three Main Justice attorneys having the same docket allocation that is in place here. *Id.* The Attorney General's control over litigation in this District involving the United States does not depend in any way on the existence or identity of a U.S. Attorney.

As for the amicus' new points, *first*, invoking the Dictionary Act, 1 U.S.C. § 1, the amicus argues that "§ 3347's use of the singular 'an acting official' cannot be read to condone similar delegations to multimember committees." ACB 6. "In determining the meaning of any Act of Congress," however, "*unless the context indicates otherwise*[,] words importing the singular include and apply to several persons[.]"1 U.S.C. § 1 (emphasis added). As the *Giraud* opinions make clear, the "context" of the FVRA's exclusivity provision very much "indicates otherwise." According to this Court and the Court of Appeals, the prior delegation ran afoul of the FVRA's exclusivity provision precisely because it purported to vest in a *single* person *all* the authority of a U.S. Attorney.

*Second*, invoking *New Process Street, L.P. v. NLRB*, 560 U.S. 674 (2010), the amicus argues that requiring the USAO-NJ to grind to halt unless and until someone is validly serving as an appointed or acting U.S. Attorney wouldn't be the first time "the inability to delegate around a vacancy has affected [an] agency's operations." ACB 8. But *New Process Street* involved the NLRB's statutory quorum requirement: without a quorum, the NLRB cannot decide any cases. 560 U.S. at 687–88. Here, in contrast Congress hasn't limited to the U.S. Attorney alone the power to prosecute criminal cases in her district and prosecute or defend civil proceedings concerning the United States in her district. Those are among the "[d]uties" of "each United States attorney, within his district," 28 U.S.C. § 547, but the Attorney General has authority to do anything a U.S. Attorney can do and much, much more, RB3–4, 11–14, 18–21.

*Third*, the amicus argues that the delegation at issue here "threatens government accountability" and makes it "harder to hold anyone accountable for the administration of justice in the District of New Jersey." ACB9. Not so. The delegation order makes clear who within the USAO-NJ is ultimately responsible for a particular matter, and the AUSAs assigned to those matters are accountable for

them, too, regardless of whose name appears above theirs on a signature block. Moreover, the Senate-confirmed Attorney General and Deputy Attorney General are accountable for *everything* the USAO-NJ does. Ultimately, so is the President, who is "the most democratic and politically accountable official in Government." *Selia Law LLC v. CFPB*, 591 U.S. 197, 224 (2020) (adding that "individual executive officials" may "wield significant authority," subject to the President's "ongoing supervision and control").

*Fourth*, the amicus emphasizes that the Attorney General hasn't established a similar leadership structure in other districts where defendants have prevailed on authority challenges. ACB 9–11. But those USAOs aren't subject to the precedential appellate holding the Government is confronting here: that Ms. Habba's delegation violated the FVRA's exclusivity provision by purportedly vesting in her all the authority of a U.S. Attorney. And in two of those USAOs, although the district court deemed the First Assistant U.S. Attorney (FAUSA) ineligible to serve as Acting U.S. Attorney, the court allowed that FAUSA to continue prosecuting and supervising matters the same way other FAUSAs do. *See United States v. Ramirez-Martinez*, No. 22-cr-1721, 2026 WL 113431 (D.N.M. Jan. 14, 2026); *United States v. Ramirez*, __ F. Supp. 3d __, 2025 WL 3019248 (C.D. Cal. 2025). If this Court sanctions that approach here, the Government could implement it.

*Finally*, the amicus's remaining complaints all miss the mark. ACB11–13.

  ➢ Any agreement signed by the USAO-NJ under its current supervisory structure with the necessary internal approvals binds the Office, full stop. *Id.* at 11–12.

  ➢ The case-management orders that the Hon. Michael A. Farbiarz, U.S.D.J., recently entered, *id.* at 12, accurately warn defendants of the consequences of an untimely authority challenge under Rule 12. *See, e.g.*, *United States v. Suescun*, 237 F.3d 1284 (11th Cir. 2001). If not timely raised before trial, the claim is foreclosed absent a showing of good cause. *See id.*; *United States v. Sok*, 115 F.4th 251, 259–61 (3d Cir. 2024); *United States v. Desu*, 23 F.4th 224, 232 (3d Cir. 2022).

- 3 -

➢ Meanwhile, Ms. Habba's current role in the Office of the Attorney General doesn't "create[e] a shadow leadership structure" or prevent "defense counsel from" knowing "who ultimately controls charging decisions and policies," ACB12, any more than do the roles of many other supervisory officials at Main Justice.

➢ As for the "flood of litigation" and associated costs, *id.*, it takes two to tango. Defendants can waive authority challenges, either expressly, *see Peretz v. United States*, 501 U.S. 923, 936 (1991), or through an unconditional guilty plea, *see Class v. United States*, 583 U.S. 174, 182 (2018). Many already have.

The Government thanks the Court for its consideration.

Respectfully submitted,

TODD BLANCHE
U.S. DEPUTY ATTORNEY GENERAL

PHILIP LAMPARELLO
SENIOR COUNSEL

Mark E. Coyne
Supervisory Assistant U.S. Attorney
Chief, Appeals Division

cc:   Counsel of Record (via ECF)

- 4 -