Doug Passon
Law Offices of Doug Passon, PC
10565 N. 114th St., Suite 101
Scottsdale, AZ 85259
Telephone: 480.448.0086
Email: doug@dougpassonlaw.com

Rahul Agarwal
Friedman Kaplan Seiler Adelman & Robbins
7 Times Square
New York, NY 10036
(212) 833-1132
ragarwal@fklaw.com
*Attorneys for Defendant Raheel Naviwala*

Jason J. LeBoeuf, Esq. (#033612001)
ZIEGLER LAW GROUP, LLC
651 Old. Mt. Pleasant Avenue, Suite 150
Livingston, New Jersey 07039
(973) 533-1100/ (973) 533-1144 (f)
jason@zlgllc.com
*Attorney for Defendant Daniel Torres*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>    v.<br><br>RAHEEL NAVIWALA,<br><br>     Defendant.<br><br><br>UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>    v.<br><br>DANIEL TORRES,<br><br>     Defendant. | CASE NOS.  2:24-CR-99,<br>      2:24-CR-0378<br><br>**DEFENDANTS' CONSOLIDATED SUPPLEMENTAL BRIEF REGARDING FUNDING**<br><br>COURT: Hon. Matthew W. Brann |

.

**THE TRIUMVIRATE IS OPERATING AS A *DE FACTO* UNITED STATES ATTORNEY WHILE EVADING THE STATUTES GOVERNING ITS LEADERSHIP**

The Appropriations Clause dictates that "[n]o Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law."[1] Therefore, because the triumvirate was not properly designated "by Law," the current arrangement in the USAO-NJ violates the Appropriations Clause, in addition to the statutory and constitutional provisions governing appointments of U.S. Attorneys.

While the Court need not reach the complexities of appropriations law to invalidate the triumvirate because the violations of the FVRA and Section 546 are dispositive, the Government's Declaration[2] nonetheless puts the lie to its claim that the triumvirate is merely exercising the Attorney General's ("AG") delegated plenary powers rather than operating a *de facto* United States Attorney's Office ("USAO"). Indeed, the Declaration states that the majority of the triumvirate is funded through the specific appropriation that Congress reserved for PAS-compliant United States Attorneys ("USAs"). The Government cannot have it both ways: it cannot claim the delegated powers of the AG to evade appointment statutes while simultaneously using funds reserved for a validly appointed USA.

    A.  *The use of the "United States Attorneys" appropriation belies the Government's claim that it has not installed a* de facto *USA*

The Declaration attests that the salaries of Philip Lamparello (Senior Counsel)

---

[1] U.S. Const. Art. I, § 9, cl. 7.

[2] DeJesus Declaration, ECF Doc. 304.

and Ari Fontecchio (Executive AUSA) are paid from the appropriation for "Salaries and Expenses, United States Attorneys,"[3] which is an appropriation legally distinct from the "General Legal Activities" fund used for Main Justice components.[4] This financial reality exposes the "Executive Office" as a structural sham. Congress appropriates funds to "Salaries and Expenses, United States Attorneys" based on a statutory scheme that presumes funding offices led by *lawfully-appointed* USAs under Section 541 or 546. But here the Government is using this specific appropriation to fund the USAO-NJ (*indefinitely*) without any such USA, which is directly at odds with what Congress envisioned.

If, as the Government argues,[5] the "triumvirate" were truly akin to a "Strike Force"-type delegation, one would expect it to be funded through "General Legal Activities." But it is not. Thus, the Government admits it is actually running a standard USAO in every respect *except* the one that ensures constitutional accountability: the appointment of a lawful head.

B. *The hybrid funding of the "triumvirate" exacerbates the USAO-NJ's lack of accountability and independence*

The funding revealed by the Declaration warrants disqualification for another reason: it demonstrates that the USAO-NJ is still being operated pursuant to the same proconsul theory of federal prosecutorial power that, as previously noted regarding

---

[3] DeJesus Decl. ¶¶ 11(a), 11(c).
[4] *See id.* ¶ 14.
[5] ECF 284 at 25.

Ms. Habba, renders superfluous the statutory scheme for USA appointments, runs roughshod over the residency requirement, and eviscerates the local independence Congress requires.[6] That is because while Messrs. Lamparello and Fontecchio are paid as local USAO employees, Jordan Fox—who supervises the Civil and Appellate Divisions (thus supervising criminal appeals)—is paid from the "Justice Operations, Management, and Accountability" appropriation, reflecting her role as Chief of Staff to the Deputy Attorney General.[7]

Thus, unless this Court intervenes, the USAO-NJ will lack the local accountability and independence mandated by Congress. One third of the Office's functions and duties—including criminal appeals—have been absorbed directly by Main Justice, directed by a political appointee paid by and based in the office of the DAG, bypassing entirely any local Senate-confirmed or court-appointed officer. Final decisions about criminal appeals—which determine Third Circuit criminal law—are not being made by a locally accountable officer based in the Third Circuit.

### CONCLUSION

The Declaration makes clear that the Government intends *indefinite* operation of the USAO by *unconfirmed*, *non*-PAS officers, but funded by the appropriation Congress reserved for *confirmed*, *PAS* officers. The Government cannot use the USAO fiscal infrastructure without complying with the USAO statutory mandates.

---

[6] *See United States v. Giraud*, No. 1:24-cr-00768-MWB (D.N.J. Aug. 13, 2025), ECF Doc. 136 at 16.
[7] DeJesus Decl. ¶ 11(b).

3

DATED: February 10, 2026                    RESPECTFULLY SUBMITTED,


DOUG PASSON                                 JASON J. LEBOEUF

/s/ Doug Passon                             /s/ Jason J. LeBoeuf
                                            **Attorney for Defendant**
RAHUL AGARWAL                               **DANIEL TORRES**

/s/ Rahul Agarwal
**Attorneys for Defendant**
**RAHEEL NAVIWALA**

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2026, the foregoing DEFENDANTS'

SUPPLEMENTAL CONSOLIDATED BRIEF REGARDING FUNDING was filed

electronically and a copy was served by mail on anyone unable to accept electronic

filing. Notice of this filing will be sent by e-mail to all parties by operation of the

Court's electronic filing system or by mail to anyone unable to accept electronic filing

as indicated on the Notice of Electronic Filing. Parties may access this filing through

the Court's CM/ECF System.


                                            /s/ Doug Passon
                                            DOUG PASSON

4