Doug Passon
Law Offices of Doug Passon, PC
10565 N. 114th St., Suite 101
Scottsdale, AZ 85259
Telephone: 480.448.0086
Email: doug@dougpassonlaw.com

Rahul Agarwal
Friedman Kaplan Seiler Adelman & Robbins
7 Times Square
New York, NY 10036
(212) 833-1132
ragarwal@fklaw.com
***Attorneys for Defendant Raheel Naviwala***

Jason J. LeBoeuf, Esq. (#033612001)
ZIEGLER LAW GROUP, LLC
651 Old. Mt. Pleasant Avenue, Suite 150
Livingston, New Jersey 07039
(973) 533-1100/ (973) 533-1144 (f)
jason@zlgllc.com
***Attorney for Defendant Daniel Torres***

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>RAHEEL NAVIWALA,<br><br>    Defendant.<br><br>UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>DANIEL TORRES,<br><br>    Defendant. | CASE NOS.  2:24-CR-99,<br>         2:24-CR-0378<br><br>**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY AND REQUEST FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF**<br><br>COURT: Hon. Matthew W. Brann |

.

Last Friday the Supreme Court applied the major questions doctrine in *Learning Res., Inc. v. Trump*,[1] to determine that the President lacked the broad statutory authority he claimed to impose tariffs.[2] As the Court framed the issue:

> The question is not, as the Government would have it, whether tariffs can ever be a means of regulating commerce. It is instead whether *Congress*, when conferring the power to "regulate . . . importation," gave the President the power to impose tariffs at his sole discretion. And Congress's pattern of usage is most relevant to answering that question. That pattern is plain: When Congress grants the power to impose tariffs, it does so clearly and with careful constraints. It did neither here.[3]

The major questions doctrine also applies here: did Congress ***clearly and carefully*** confer on the President or the Attorney General the power to delegate ***any*** powers and duties of a U.S. Attorney while that office is vacant? The answer, of course, is no, and the Government has never argued otherwise. Rather, as in *Learning Res., Inc.*, it has continued to point to what the pertinent statutes do not prohibit.[4] But as the President himself has expressly argued in a then-pending criminal matter against him: "A grant of inferior-officer appointment authority requires ***explicit authorization from Congress***, and nothing short of that will suffice under ***the major***

---

[1] Nos. 24-1287 and 25-250, 2026 U.S. LEXIS 714, *35 (Feb. 20, 2026).

[2] *See id.* at *35.

[3] *Id.* at *30.

[4] Hearing Trans. at 84:15-19 ("the Attorney General herself can pull every single case here and concentrate it, have it be run out of main justice. Every single one. And I know of no principle that would prohibit the Attorney General from doing it.").

*questions doctrine* and related clear-statement rules."[5]  Notably, now-Deputy Attorney General Todd Blanche was on brief as was now-Judge Emil Bove.

Accordingly, Defendants respectfully direct the Court's attention to *Learning Res., Inc.*, and further request leave to provide the Court supplemental briefing on the application of the Major Questions Doctrine to whether the Government has any authority to delegate the duties and powers of a U.S. Attorney while that office is and remains vacant. Well cognizant of the Court's and the parties' desire for expedited resolution of this matter, Defendants propose that they be permitted until 5:00 p.m., Friday, March 6, 2026, in which to file a consolidated brief of no greater than 10 pages. The Government, should it wish, would be permitted to simultaneously file a brief limited to the same issue and page count.

| | |
|---|---|
| DATED: February 25, 2026 | RESPECTFULLY SUBMITTED, |
| | |
| DOUG PASSON | JASON J. LEBOEUF |
| | |
| /s/ Doug Passon | /s/ Jason J. LeBoeuf |
| | **Attorney for Defendant** |
| RAHUL AGARWAL | **DANIEL TORRES** |
| | |
| /s/ Rahul Agarwal | |
| **Attorneys for Defendant** | |
| **RAHEEL NAVIWALA** | |

---

[5] Brief of Appellee President Donald J. Trump, *United States v. Trump*, No. 24-12311-J (11th Dist. Oct. 25, 2024), Doc. 42 at 22 (emphasis added).

2

3

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2026, the foregoing DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY AND REQUEST FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF was filed electronically and a copy was served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Doug Passon
DOUG PASSON

3