# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:24-CR-00099 |
| v. | (Chief Judge Brann)* |
| RAHEEL NAVIWALA, | |
| Defendant. | |
| UNITED STATES OF AMERICA, | No. 2:24-CR-00378 |
| v. | (Chief Judge Brann)* |
| DANIEL TORRES, | |
| Defendant. | |

## ORDER

### MARCH 9, 2026

In accordance with the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that:

1. Naviwala's motion to dismiss the indictment and disqualify is **DENIED** with respect to dismissal and **GRANTED** with respect to disqualifying Ms. Jordan Fox and Messrs. Philip Lamparello and Ari Fontecchio (the "triumvirate") from prosecuting him and supervising the prosecution of his case;

---

* The Honorable Matthew W. Brann, Chief United States District Judge for the Middle District of Pennsylvania, sitting by designation.

2. Torres's motion to dismiss the indictment and disqualify is **DEFERRED** with respect to dismissal and **GRANTED** with respect to disqualifying the triumvirate from prosecuting him and supervising the prosecution of his case;

3. The triumvirate is **DISQUALIFIED** from participating in the prosecution of these matters and supervising any Assistant United States Attorney prosecuting these matters;

4. Any Assistant United States Attorney prosecuting these matters who is acting under the supervision of the triumvirate in violation of this Order is subject to disqualification upon motion and cause shown;

5. Points 1-4 of this Order and their effects are **STAYED** pending appellate proceedings in these matters;

6. The Government and Torres shall submit supplemental briefs of no more than 20 pages addressing the authority of Assistant United States Attorneys and specifically discussing the following points, in order;

    a. The proper interpretation of 28 U.S.C. § 542 and, to the extent relevant, 28 U.S.C. §§ 509-510, 515-19, 547, and Federal Rules of Criminal Procedure 1(b)(1)(B), 6(d)(1), and 7(c)(1);

    b. The precedential value of *Gantt*, *Hilario*, and *Suescun*, as well as the cases following them;

    c.    Whether any earlier cases directly bear on the question of AUSAs' authority to prosecute independently of a United States Attorney or a delegation of authority from the Attorney General other than section 542;

    d.    Whether the Attorney General has, by regulation, internal guidance, order, or any other legally effective means other than section 542, delegated her authority to AUSAs without requiring a redelegation by a United States Attorney;

    e.    The general legality of subordinates' continued exercise of delegated authority in the total absence (i.e. vacancy) of the delegator;

    f.    Whether an indictment is valid in the absence of *any* prosecutor with sufficient authority; and

    g.    The Government should also explain, as a factual matter, whether and how officers at Main Justice supervised the preparation and approval of Torres's superseding indictment.

7.    Torres's supplemental brief shall be due no later than 5:00 p.m., Thursday, March 19, 2026;

8. The Government's supplemental brief shall be due no later than 5:00 p.m., Thursday, March 26, 2026.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge for
the Middle District of Pennsylvania
Specially Presiding
