

**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

---

*970 Broad Street, 7th floor*          *973-645-2700*
*Newark, New Jersey 07102*

March 27, 2026

Hon. Matthew W. Brann
Chief United States District Judge
U.S. Courthouse and Federal Office Building
240 West Third Street
Williamsport, PA 17701

      Re:    *United States v. Raheel Naviwala*, Crim. No. 24-099

Dear Chief Judge Brann:

      I write on behalf of the parties regarding whether this case should be transferred back to the Honorable Michael E. Farbiarz, U.S.D.J., to resolve Raheel Naviwala's post-trial motions and to proceed with sentencing if those motions are denied.

      The United States maintains that this case should be transferred back to Judge Farbiarz now. Robert Frazer's appointment under 28 U.S.C. § 546(d) as United States Attorney removes any doubt whether the USAO-NJ's Assistant and Special Assistant U.S. Attorneys can continue "doing their important work," *United States v. Naviwala*, __ F. Supp. 3d __, 2026 WL 658885, at *5 n.48 (D.N.J. 2026), which at bottom was the only issue on which Your Honor had required further briefing in *Torres, see id.* at *49–*51. Furthermore, the Government maintains that Your Honor's decisions in *Naviwala* and *United States v. Giraud*, 795 F. Supp. 3d 560 (D.N.J.), *aff'd*, 160 F.4th 390 (2025), confirm the validity of U.S. Attorney Frazer's appointment.

      Mr. Naviwala, on the other hand, intends to move to disqualify U.S. Attorney Frazer, too, and is proposing a briefing schedule for that motion:

> The defense is not convinced that the appointment of Mr. Frazer ends this inquiry. In sum, Section 546(d) requires a very specific, well-defined series of events to occur before the judiciary may invoke its appointment authority, which does not appear to have occurred here. Alternatively, we believe § 546(d) does not provide the judiciary with the authority to make multiple, successive appointments. Under either circumstance, Mr. Naviwala maintains that the judiciary acted *ultra vires*, Mr. Frazer's appointment is invalid, and he too must be disqualified.

Therefore, Mr. Naviwala requests the opportunity to brief this critical issue and proposes the following briefing schedule:

> Mr. Naviwala's third motion to disqualify and second motion to dismiss shall be due on Friday, April 3, 2026, by 5:00 p.m. Not to exceed 20 pages. The Government's opposition shall be due on Friday, April 10, 2026 by 5:00 p.m. Not to exceed 20 pages. Mr. Naviwala may file a reply no later than Tuesday, April 14, 2026 by 5:00 p.m. Not to exceed 10 pages.

The United States will provide whatever briefing on that proposed motion this Court deems appropriate.

The parties thank the Court for its consideration.

Respectfully submitted,

ROBERT FRAZER
UNITED STATES ATTORNEY

Mark E. Coyne
Supervisory Assistant U.S. Attorney
Chief, Appeals Division

cc:    Counsel of Record (via ECF)

- 2 -