Doug Passon
Law Offices of Doug Passon, PC
10565 N. 114th St., Suite 101
Scottsdale, AZ 85259
Telephone: 480.448.0086
Email: doug@dougpassonlaw.com

***Attorney for Defendant Raheel Naviwala***

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAHEEL NAVIWALA,<br><br>Defendant. | CASE NOS.  2:24-CR-99<br><br>**SECOND OMNIBUS MOTION TO DISMISS AND DISQUALIFY**<br><br>COURT: Hon. Matthew W. Brann |

Alina Habba
@AlinaHabba

Another ridiculous ruling from Judge Brann disqualifying three individuals serving New Jersey's DOJ front office of the U.S. Attorney.

Judges may continue to try and stop President Trump from carrying out what the American people voted for, but we will not be deterred.

The unconstitutionality of this complete overreach into the Executive Branch, time and time again, will not succeed. They would rather have no U.S. Attorney than safety for the people of NJ.

Judges do not fire DOJ officials, AG Pam Bondi and POTUS do – get in line.

3:10 PM · Mar 9, 2026 · 151.3K Views

Alina Habba
@AlinaHabba

Congratulations to my colleague Rob Frazer at the Department of Justice in New Jersey who just became the next United States Attorney.

New Jersey deserves a great chief federal law enforcement official who is in line with President Trump's agenda of making this country safe and NJ great! I know Rob well and he will be a great champion of this state and mission of the @TheJusticeDept

One thing should be clear- when judges work with @AGPamBondi and @DAGToddBlanche under @POTUS to collaborate on serving what an overwhelming majority of Americans asked for at the ballots and not attack mindlessly for political gain THINGS GET DONE. 🇺🇸

Last edited 1:11 PM · Mar 23, 2026 · 53.6K Views

.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...............................................................................................iii

I.    INTRODUCTION ............................................................................................. 1

II.   PERTINENT BACKGROUND............................................................................. 2

III.  RECONSIDERATION OF MOTION TO DISMISS ..................................................... 4

IV.   MR. FRAZER MUST BE DISQUALIFIED............................................................... 8

V.    PREJUDICE IS PRESUMED; DISMISSAL IS REQUIRED ........................................... 12

CONCLUSION ........................................................................................................... 13

CERTIFICATE OF SERVICE............................................................................................ 15

ii

# TABLE OF AUTHORITIES

## Cases

*Axon Enter. v. FTC*, 598 U.S. 175 (2023)...................................................................6, 7

*Cirko ex rel. Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d. Cir. 2020)....................6

*Cody v. Kijakazi*, 48 F.4th 956 (9th Cir. 2022) ...............................................................7

*In re Kensington Int'l, Ltd.*, 368 F.3d 289 (3d Cir. 2004)...............................................6

*Intercollegiate Broad. Sys. v. Copyright Royalty Bd. & Librarian of Cong.*, 796 F.3d 111 (D.C. Cir. 2015)....................................................................................................6

*Landry v. FDIC*, 204 F.3d 1125 (D.C. Cir. 2000)..........................................................6

*Lombardo v. Corr. Officer Ryan Flynn*, No. 4:11-cv-2220, 2017 U.S. Dist. LEXIS 238402 (D.N.J. Nov. 13, 2017) ....................................................................................4

*Lucia v. SEC*, 585 U.S. 237 (2018) ................................................................................7

*Ryder v. United States*, 515 U.S. 177 (1995) .................................................................7

*Seila Law LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197 (2020) ..........................6

*United States v. Giraud*, 160 F.4th 390 (3d Cir. 2025)............................................3, 13

*United States v. Giraud*, 795 F. Supp. 3d 560 (D.N.J. 2025) ........................................2

*United States v. Jerry*, 487 F.2d 600 (3d Cir. 1973) .....................................................5

*United States v. Naviwala*, No. 2:24-CR-00099, 2026 U.S. Dist. LEXIS 48291, 2026 WL 658880 (D.N.J. Mar. 9, 2026) ...............................................................3, 5, 12, 13

## Statutes

28 U.S.C. § 546 .....................................................................................................passim

## Other Authorities

Att'y Gen. Pamela Bondi, Ofc. of Att'y Gen., Order No. 6510-2025 .....................3, 12

*Booker and Kim Statement on Appointment of Robert Frazer, U.S. Attorney for New Jersey*, Mar. 23, 2026 ................................................................................................ 13

Def.'s Memo. of Law Challenging Legality of Appointment of Acting U.S. Attorney Alina Habba and Seeking Dismissal or Alternative Relief, *United States v. Giraud*, No. 1:24-CR-00768 (D.N.J. July 27, 2025) ................................................................... 2

Glenn Thrush and Tyler Pager, *Pam Bondi Wanted a Graceful Exit. But Trump Wanted Her Gone*, NY Times, Apr. 2, 2026 ................................................................... 9

*In re Appointment of United States Attorney for the District of New Jersey*, Standing Order 2025-03 (D.N.J. July 22, 2025) ............................................................. 4, 11

*In re Appointment of United States Attorney for the District of New Jersey*, Standing Order 2026-03 (D.N.J. Mar. 23, 2026) ................................................................ 1, 4

*In re: Appointment of a United States Attorney Pursuant to 28 U.S.C. § 546(d)* ........ 11

*In re: The Possible Appointment of a United States Attorney Pursuant to 28 U.S.C. § 546(d)*, Order (W.D. Wash. Jan. 14, 2026) ................................................................ 11

*In the Matter of the Appointment of Michael J. Heynman as United States Attorney*, Misc. Gen. Order No. MGO 25-04 (D. Ak. June 26, 2025) ........................................ 11

*In the Matter of the Designation of David X. Sullivan as United States Attorney*, Order 25-17 (D. Conn. Sept. 8, 2025) ................................................................................ 11

*Re: Appointment of United States Attorney for the Western District of Arkansas*, General Order (W.D. Ark. Feb. 6, 2026) ................................................................... 11

Statement of Alina Habba, X Post, Dec. 8, 2025, 1:46 p.m. .......................................... 3

*United States v. Giraud*, Nos. 25-2635 & 25-2636 (3d Cir. Jan. 26, 2026) ................. 3

## Constitutional Provisions

U.S. Const., Art. II, sec. 2, cl. 2 .................................................................................... 8

iv

## I.    INTRODUCTION

On Monday, March 9, 2026, this Court granted Mr. Naviwala's motion to disqualify the triumvirate but denied his motion to dismiss finding that the actual prejudice he asserted did not warrant dismissal. This Court did not reach Mr. Naviwala's argument that in cases involving an Appointments Clause violation, prejudice is presumed and thus left Mr. Naviwala without any substantive remedy notwithstanding that he was entitled to one by law. As this Court found there to be an Appointments Clause violation but neglected to apply the presumption of prejudice, this Court should now reconsider and dismiss Mr. Naviwala's superseding indictment as the law requires. This is so even if Robert Frazer's subsequent judicial appointment as United States Attorney is legal, which it is not.

In that regard, on Monday, March 23, 2026, the judges of the U.S. District Court for the District of New Jersey ostensibly appointed Robert Frazer "as the United States Attorney for the District of New Jersey"[1] pursuant to 28 U.S.C. § 546(d). Congress, however, granted the judiciary such appointment authority only in a very narrow, well-defined set of circumstances: the expiration of the 120-day interim term of an Attorney General-appointed U.S. Attorney. But that triggering event has not happened here. Therefore, the District Court acted *ultra vires* when appointing Mr. Frazer, and he too must be disqualified.

---

[1] *In re Appointment of United States Attorney for the District of New Jersey*, Standing Order 2026-03 (D.N.J. Mar. 23, 2026) (hereinafter "Frazer Appointment Order"), https://www.njd.uscourts.gov/sites/njd/files/STANDINGORDER2026-03.pdf.

In sum, the judges of the U.S. District Court for the District of New Jersey had neither the constitutional nor statutory authority to appoint Mr. Frazer. As a result, like Ms. Habba and the triumvirate before him, Mr. Frazer is serving *ultra vires* and this Court must therefore disqualify him and enjoin any further prosecution of Mr. Naviwala by the U.S. Attorney's Office for this District. Furthermore, in light of the irrebuttable and irreparable harm that this Court must presume by law Mr. Naviwala has suffered, this Court must also dismiss the superseding indictment.

## II.    PERTINENT BACKGROUND

The authority of the United States Attorney's Office for the District of New Jersey to prosecute criminal matters in this district has been the subject of significant litigation since July 27, 2025, when Julien Giraud, Jr., moved to dismiss his indictment or, in the alternative, to enjoin Alina Habba and those acting pursuant to her authority from continuing in his prosecution.[2] That motion ultimately resulted in this Court disqualifying Ms. Habba on August 21, 2025.[3] In disqualifying Ms. Habba, this Court found that she had been exercising her authority *ultra vires* since at least July 1, 2025.[4] The Court of Appeals thereafter affirmed this Court's opinion in all respects on

---

[2] Def.'s Memo. of Law Challenging Legality of Appointment of Acting U.S. Attorney Alina Habba and Seeking Dismissal or Alternative Relief, *United States v. Giraud*, No. 1:24-CR-00768 (D.N.J. July 27, 2025), ECF No. 99.

[3] *United States v. Giraud*, 795 F. Supp. 3d 560 (D.N.J. 2025).

[4] *Id.* at 568.

December 1, 2025,[5] and declined *en banc* review on January 26, 2026.[6]

On December 8, 2025, Ms. Habba "decided to step down in [her] role as the United States Attorney for the District of New Jersey."[7] That same day, rather than finally seating a Presidentially-Nominated and Senate-Confirmed ("PAS") nominee, the Attorney General instead delegated the functions of the United States Attorney to three non-PAS staff attorneys to collectively perform, which came to be referred to as the "triumvirate."[8] After extensive briefing and oral argument by Mr. Naviwala and others, on March 9, 2026, this Court once again held that such a delegation was illegitimate and disqualified the triumvirate on largely the same grounds it had disqualified Ms. Habba.[9]  However, this Court declined to dismiss Mr. Naviwala's superseding indictment finding unconvincing three of his arguments in favor of dismissal: lack of jurisdiction, sentencing delay, and this Court's supervisory power.[10] This Court did not address a fourth argument of Mr. Naviwala: that prejudice is presumed as a matter of law.

---

[5] *United States v. Giraud*, 160 F.4th 390 (3d Cir. 2025).

[6] *United States v. Giraud*, Nos. 25-2635 & 25-2636 (3d Cir. Jan. 26, 2026), ECF No. 86.

[7] Statement of Alina Habba, X Post, Dec. 8, 2025, 1:46 p.m., https://x.com/AlinaHabba/status/1998101999024550125?s=20.

[8] Att'y Gen. Pamela Bondi, Ofc. of Att'y Gen., Order No. 6510-2025 (hereinafter "AG's Order"), https://www.justice.gov/opa/media/1420361/dl.

[9] *United States v. Naviwala*, No. 2:24-CR-00099, 2026 U.S. Dist. LEXIS 48291, 2026 WL 658880 (D.N.J. Mar. 9, 2026).

[10] *Id.*, 2026 U.S. Dist. LEXIS 48291 at *112-118.

Then, on March 23, 2026, the U.S. District Court for the District of New Jersey appointed Robert Frazer as the United States Attorney ostensibly through its delegated authority to do so pursuant to 28 U.S.C. § 546(d).[11] However, unlike the District Court's previous order appointing Desiree Grace,[12] which expressly stated that it would be effective "upon the expiration of 120 days after appointment by the Attorney General of the Interim U.S. Attorney Alina Habba,"[13] the order appointing Mr. Frazer did not cite to any such triggering event.

The Government believes that Mr. Frazer's judicial appointment is legally sound.[14] The Government is wrong both as a matter of fact and law.

## III.    RECONSIDERATION OF MOTION TO DISMISS

As this Court has elsewhere recognized, reconsideration is appropriate "to remedy manifests errors of law or fact," or "where the court has misunderstood a party."[15] In its Memorandum Opinion of March 9, 2026, this Court did not address a material and key argument Mr. Naviwala raised in his Revised Omnibus Motion to Dismiss

---

[11] *See* Frazer Appointment Order.

[12] *In re Appointment of United States Attorney for the District of New Jersey*, Standing Order 2025-03 (D.N.J. July 22, 2025) (hereinafter "Grace Appointment Order"), https://www.njd.uscourts.gov/sites/njd/files/StandingOrder2025-03USAttyAppointment.pdf.

[13] *Id.* (internal quotation marks omitted).

[14] ECF Doc. 321 at 1.

[15] *Lombardo v. Corr. Officer Ryan Flynn*, No. 4:11-cv-2220, 2017 U.S. Dist. LEXIS 238402, *2. (D.N.J. Nov. 13, 2017) (Brann, J.).

Superseding Indictment with Prejudice and Disqualify Counsel,[16] namely, the ***presumption*** of prejudice that attaches to Appointments Clause violations. That presumption is irrebuttable and the harm immediate and irreparable.

Accordingly, as this Court found the Attorney General's appointment of the triumvirate violated the Appointments Clause,[17] this Court should have dismissed Mr. Naviwala's superseding indictment. Mr. Frazer's subsequent appointment is of no moment even if his appointment is legitimate (which it is not). As a preliminary matter, this Court should therefore reconsider its denial of Mr. Naviwala's motion to dismiss the superseding indictment.[18]

### A.  The Presumption is Irrebuttable and Irreparable

As argued in Part VI of Mr. Naviwala's Revised Omnibus Motion to Dismiss Superseding Indictment with Prejudice and Disqualify Counsel,[19] the Court of Appeals has expressly held that "***[a]n individual litigant need not show direct harm or prejudice caused by an Appointments Clause violation. . . . Such harm is***

---

[16] ECF Doc. 281, Part VI.

[17] *Naviwala*, 2026 U.S. Dist. LEXIS 48291, *109-110 (footnotes omitted) ("that delegation violates both the statutory scheme and the Appointments Clause of the Constitution, and the triumvirate must be disqualified from exercising these powers").

[18] "[S]o long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so." *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973).

[19] ECF Doc. 281 at 30-34.

5

*presumed.*"[20] Thus, as no evidence of direct harm or prejudice need even be shown, the presumption is irrebuttable.[21]

Moreover, the harm is irreparable. As the Supreme Court held in *Axon Enter. v. FTC*,[22] "subjection to an unconstitutionally structured decisionmaking process"[23] constitutes "'a here-and-now injury.'"[24] Mr. Naviwala's claim that the triumvirate and those acting pursuant to its authority or under its supervision have no authority to prosecute him was a "claim . . . about subjection to an illegitimate proceeding,"[25] namely, prosecution by an illegitimate prosecutor. Such harm "is impossible to remedy once the proceeding is over" because "a proceeding that has already happened cannot be undone."[26]

Thus, as the Supreme Court has held,

---

[20] *Cirko ex rel. Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 154 (3d. Cir. 2020) (emphasis added); *Intercollegiate Broad. Sys. v. Copyright Royalty Bd. & Librarian of Cong.*, 796 F.3d 111, 123 (D.C. Cir. 2015) (holding that "an Appointments Clause violation is a structural error that warrants reversal regardless of whether prejudice can be shown") (citing *Landry v. FDIC*, 204 F.3d 1125, 1131 (D.C. Cir. 2000)).

[21] *See, e.g.*, *In re Kensington Int'l, Ltd.*, 368 F.3d 289, 294, 308 (3d Cir. 2004) (disqualifying judge despite no evidence judge had "done anything wrong or unethical or biased" as "there is an almost irrebutable presumption that a judge is 'tainted' and must be disqualified where . . . he surrounds himself with individuals who may not be truly disinterested"; characterizing such is a "structural conflict of interest").

[22] 598 U.S. 175 (2023).

[23] *Id.* at 192.

[24] *Id.* at 191 (quoting *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 212 (2020)).

[25] *Id.* at 191.

[26] *Id.*

one who makes a timely challenge to the constitutional validity of the appointment of an officer who [prosecutes] his case is ***entitled*** to a decision on the merits of the question and whatever relief may be appropriate if a violation indeed occurred. Any other rule would create a disincentive to raise Appointments Clause challenges with respect to questionable [prosecutor] appointments.[27]

Accordingly, any remedy must be immediately imposed because the harm suffered by continued prosecution is irreparable.[28]

### B.  In Light of Mr. Naviwala's Illegitimate Prosecution, Dismissal is Required

Like so many other instances where government actors obliged to enforce the law, break the law, "[g]iven its importance within our Constitution's structure, the Supreme Court has established remedies with bite for Appointments Clause violations."[29] In order to avoid the continuing and immediate harm that Mr. Naviwala was presumed to be suffering by law when he first brought his motion, this Court should have dismissed the superseding indictment as that was and is the only possible remedy to have addressed the illegitimate proceeding. Disqualification alone was insufficient to address the irreparable harm to which Mr. Naviwala endured. In fact, the Court's partial remedy was no remedy at all, as it did not change the status quo.  Mr. Naviwala was subjected to an illegitimate proceeding because, as this Court expressly found, the prosecutor was illegitimate. Dismissal is the "bite" the law demands. This Court

---

[27] *Ryder v. United States*, 515 U.S. 177, 182-183 (1995) (emphasis added).

[28] *Axon Enter.*, 598 U.S. at 191.

[29] *Cody v. Kijakazi*, 48 F.4th 956, 960 (9th Cir. 2022) (citing *Lucia v. SEC*, 585 U.S. 237, 251 (2018)).

should therefore reconsider its denial and dismiss the superseding indictment notwithstanding Mr. Frazer's recent appointment. Even assuming Mr. Frazer's appointment was legitimate (which it was not), that obviously cannot serve as a remedy to irreparable harm.

## IV.    MR. FRAZER MUST BE DISQUALIFIED

The Constitution does not permit the judiciary to appoint executive officers. However, the Constitution does permit Congress to provide the judiciary with such authority at least as it pertains to inferior officers such as United States Attorneys.[30] Congress has exercised this delegation authority through 28 U.S.C. § 546(d).  That statute provides that a series of three distinct and well-defined events must first transpire *seriatim* before the judiciary has the authority to appoint an interim United States Attorney. All three must occur, in order, before the judiciary may exercise this appointment authority.

Section 546(d) provides: "If an appointment expires under subsection (c)(2), the district court for such district may appoint a United States attorney to serve until the vacancy is filled." In turn, § 546(c)(2) provides in pertinent part: "A person appointed as United States attorney under this section may serve until . . . the expiration of 120 days after appointment by the Attorney General under this section."

So, first, the position of the United States Attorney must be vacant because a

---

[30] U.S. Const., Art. II, sec. 2, cl. 2 ("Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments.").

8

person may only be appointed as United States Attorney "under this section" if "the office of United States attorney is vacant."[31] Second, the Attorney General must have exercised her[32] Congressionally-delegated statutory authority pursuant to 28 U.S.C. § 546(a) to appoint a person to fill that vacancy, hence the reference to "an appointment" in § 546(d). Third, and finally, at least 120 days must have elapsed since the § 546(a) appointment was first made.[33] If, and only if, those three events have transpired in uninterrupted succession may the judiciary exercise its Congressionally-delegated statutory authority to appoint an interim United States Attorney.

Thus, if the President elected to fill a vacancy through the Federal Vacancies Reform Act ("FVRA") and that person's term expired under the FVRA or the individual resigned or was terminated, the judiciary would have no authority to subsequently step in to fill that vacancy. Likewise, if a § 546(a) interim United States Attorney resigned or was terminated 60 days after the initial § 546(a) appointment resulting in an immediate vacancy, the judiciary still would not be authorized to fill that vacancy

---

[31] 28 U.S.C. § 546(a).

[32] As of the filing of this motion, the President has terminated Attorney General Pamela Bondi, purportedly because he was frustrated that she was not vigorously pursuing his retribution agenda by bringing more prosecutions against his political enemies. *See* Glenn Thrush and Tyler Pager, *Pam Bondi Wanted a Graceful Exit. But Trump Wanted Her Gone*, NY Times, Apr. 2, 2026 ("President Trump had complained too freely, too frequently, to too many people about her inability to prosecute the people he hates. She was falling short of Mr. Trump's unyielding, unrealistic demands for retribution against his enemies."), https://www.ny-times.com/2026/04/02/us/politics/pam-bondi-attorney-general-trump.html.

[33] 28 U.S.C. § 546(c)(2), (d).

9

until at least another 60 days elapsed. And, of course, if a United States Attorney has been nominated by the President and confirmed by the Senate during that 120-day period, then the §546(a) appointee's appointment would immediately end and the judiciary would have no authority to make any appointment.[34]

In sum, Congress did not give the judiciary a general power to appoint interim United States Attorneys whenever the office is vacant. It is not merely the fact of the vacancy that triggers judicial authority, but the *how*, *why* and *when* the office became vacant that is of paramount import. Thus, a series of successive, well-defined events must occur immediately prior to the judiciary having any power to appoint under § 546(d): a pre-existing vacancy in the Office of the United States Attorney, followed by an Attorney General appointment of an interim U.S. Attorney pursuant to § 546(a), followed by the expiration of 120 days from that appointment. This series of successive events identified in the antecedent clause of § 546(d) will be referred to collectively as the "triggering event."

Here, there was no such triggering event, and the Frazer Appointment Order does not cite to any. This is quite notable because when the District Court for New Jersey exercised its appointment power under § 546(d) with respect to Ms. Grace, its appointment order expressly referenced the required triggering event: "This appointment is effective July 22, 2025, or 'upon the expiration of 120 days after appointment

---

[34] 28 U.S.C. § 546(c)(1).

by the Attorney General' of the Interim U.S. Attorney Alina Habba, whichever is later."[35] Indeed, reference to the triggering event appears to be the practice in many districts when appointing interim United States Attorneys.[36]

Given its proximity in time, what appears to have sparked the judiciary to act was simply this Court's disqualification of the triumvirate on March 9, 2026. While that did result in the office remaining vacant, that fact alone did not authorize the

---

[35] *In re Appointment of United States Attorney for the District of New Jersey*, Standing Order 2025-03 (D.N.J. July 22, 2025), https://www.njd.uscourts.gov/sites/njd/files/StandingOrder2025-03USAttyAppointment.pdf.

[36] *See, e.g.*, *Re: Appointment of United States Attorney for the Western District of Arkansas*, General Order (W.D. Ark. Feb. 6, 2026) (referencing fact that "the 120-day period has long since expired" and "facts and circumstances relevant to this appointment"), https://www.arwd.uscourts.gov/sites/arwd/files/src%20General%20Order%202026-01%20AUSA%20Appointment.pdf; *In re: Appointment of a United States Attorney Pursuant to 28 U.S.C. § 546(d)*, Order (D. Del. Dec. 12, 2025) (referencing prior appointment by the Attorney General, the expiration of the 120-day interim period, and absence of a PAS-compliant U.S. Attorney), https://www.ded.uscourts.gov/sites/ded/files/news/ORDER%2028%20USC%20546.pdf; *In the Matter of the Designation of David X. Sullivan as United States Attorney*, Order 25-17 (D. Conn. Sept. 8, 2025) (referencing prior appointment by the Attorney General, the expiration of the 120-day interim period, and absence of a PAS-compliant U.S. Attorney), https://www.ctd.uscourts.gov/sites/default/files/adminOrdersOCR/25-17_Order-Authorizing-David-Sullivan-To-Be-The-US-Attorney.pdf; *In the matter of the Appointment of Michael J. Heynman as United States Attorney*, Misc. Gen. Order No. MGO 25-04 (D. Ak. June 26, 2025) (referencing prior appointment by the Attorney General and the expiration of the 120-day interim period), https://www.akd.uscourts.gov/sites/akd/files/25.06.26%20%20MGO%20Appointment%20of%20US%20Attorney%20Heyman.pdf; *see also In re: The Possible Appointment of a United States Attorney Pursuant to 28 U.S.C. § 546(d)*, Order (W.D. Wash. Jan. 14, 2026) (referencing prior appointment by the Attorney General, the expiration of the 120-day interim period, absence of a PAS-compliant U.S. Attorney; soliciting applicants for possible appointment).

District Court for New Jersey to appoint anyone, i.e., it did not constitute a triggering event. In that regard, and to be sure, the triumvirate was neither appointed pursuant to 28 U.S.C. § 546(a),[37] nor had 120 days elapsed from the triumvirate's appointment even assuming it was appointed pursuant to 28 U.S.C. § 546(a). Accordingly, as there was no triggering event and the District Court of New Jersey did not cite to any otherwise as it had previously, it acted *ultra vires* in appointing Mr. Frazer and so he must be disqualified.

## V.   PREJUDICE IS PRESUMED; DISMISSAL IS REQUIRED

As Mr. Frazer must be disqualified, then, for the reasons this Court previously held in *Naviwala*, no prosecution may proceed.[38] The structure of Mr. Naviwala's prosecution is unconstitutional as there is no bona fide U.S. Attorney for this District that has the authority to prosecute him. Accordingly, for the reasons set forth in Part III above, this Court must dismiss the superseding indictment as that is the only possible remedy to vindicate the irrebuttable and irreparable harm Mr. Naviwala has continued to be subjected to.

---

[37] Now-former Attorney General Pamela Bondi's appointment order cited only 28 U.S.C. §§ 509 and 510. Att'y Gen. Pamela Bondi, Ofc. of Att'y Gen., Order No. 6510-2025, https://www.justice.gov/opa/media/1420361/dl.

[38] "If an AUSA does not rely on the United States Attorney for authority or is not otherwise subject to the United States Attorney's supervision, he is not acting as an assistant and has exceeded the powers of his statutory office." *Naviwala*, 2026 U.S. Dist. LEXIS 48291, *77.

**CONCLUSION**

As of the instant filing, this District has been without a PAS-compliant United States Attorney since January 8, 2025,[39] i.e., for nearly 16 months, and has been without the authority to prosecute Mr. Naviwala since July 1, 2025, i.e., for over nine months. The President's obstinate refusal to nominate an individual whom the Senate would confirm has resulted in significant and unprecedented disruption to the administration of justice not only in this District, but also in several across the country. As this Court has correctly observed, "'this suit is about power.'"[40] The Government has grossly, wantonly and recklessly abused its prosecutorial power.

At this juncture, there is but one indisputable way for the Government to resolve this impasse: have the President nominate an individual whom the Senate will confirm. In this regard, it is curious that the President has not nominated Mr. Frazer, whom even New Jersey's Senators have signaled their approval.[41] Instead, as Senators Booker and Kim note, "[f]or over a year, the Trump Administration did everything in its power to circumvent the law and sideline the Senate's constitutional role to advise and consent on U.S. Attorneys. . . . At every turn, this Administration chose loyalty

---

[39] *Giraud*, 160 F.4th at 395.

[40] *Naviwala*, 2026 U.S. Dist. LEXIS 48291, *4.

[41] *Booker and Kim Statement on Appointment of Robert Frazer, U.S. Attorney for New Jersey*, Mar. 23, 2026, https://www.booker.senate.gov/news/press/booker-and-kim-statement-on-appointment-of-robert-frazer-us-attorney-for-new-jersey.

13

over legality, and federal judges–appointed by presidents of both parties–rejected those unlawful maneuvers."[42]

The President's knowing, willful and repeated failures to do what both the Constitution commands and Congress requires, have now effectively coerced the judiciary to act but ultimately in an unauthorized fashion. That is not hyperbole as plainly reflected in Ms. Habba's social media posts set forth at the beginning of this motion. Unless and until this Court vindicates the Appointments Clause violation through dismissal of Mr. Naviwala's superseding indictment—as the law requires—nothing will change.

IN LIGHT OF THE ABOVE, Mr. Naviwala respectfully requests that this honorable Court grant the instant motion, disqualify Mr. Frazer, dismiss his Superseding Indictment with prejudice, and enjoin any Government attorney subject to disqualification from filing anything further in this matter. Should the Court grant his motion, Mr. Naviwala opposes any stay as such necessarily will not only not address the immediate and irreparable harm caused the Appointments Clause violation, but will exacerbate it.

---

[42] *Id.*

14

DATED: April 3, 2026                    RESPECTFULLY SUBMITTED,


                                        DOUG PASSON

                                        /s/ Doug Passon


## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2026, the foregoing SECOND OMNIBUS MOTION TO DISQUALIFY AND DISMISS was filed electronically and a copy was served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                        /s/ Doug Passon
                                        DOUG PASSON


15