

**10565 N. 114ᵗʰ St., SUITE 101**
**SCOTTSDALE, AZ 85259**

**DOUG PASSON**
**Attorney | Documentarian**

**480-448-0086**
**(Fax) 480-448-8948**
**(800) 846-3909**
**doug@dougpassonlaw.com**

April 20, 2026

Hon. Michael E. Farbiarz
United States District Judge
District of New Jersey
Frank R. Lautenberg Post Office
and U.S. Courthouse
Newark, New Jersey 07101

   Re:  *United States v. Naviwala*, No. 2:24-CR-99

Dear Judge Farbiarz:

  I write in response to the Government's letters and to fill in crucial omissions in its correspondences to this Court dated April 17, 2026. ECF Docs. 330 & 331. In one of those letters, the Government asked "the Court to set sentencing in this matter as soon as practicable." ECF Doc. 330 at 1. However, there are two pertinent omissions.

  First, the Government neglected to point out that there also remains a pending Rule 29/33 motion, ECF Doc. 186, which Mr. Naviwala intends to supplement at the appropriate time  Obviously the case cannot proceed to sentencing until those matters are full resolved.

  Second, as this Court is aware, on April 16, 2026, Mr. Naviwala filed a notice of appeal of Chief Judge Brann's order denying his motion to disqualify Robert Frazer and to dismiss the superseding indictment in this case. ECF Doc. 328. "'The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *United States v. Georgiou*, 777 F.3d 125, 145 (3d Cir. 2015) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). As Mr. Naviwala's appeal concerns whether Mr. Frazer was properly appointed and all prosecutorial authority of AUSAs within this District flows through him, *United States v. Raheel Naviwala*, No. 2:24-cr-00099, 2026 U.S. Dist. LEXIS 48291, *77, 2026 WL 658880 ("If an AUSA does not rely on the United States Attorney for authority or is not otherwise subject to the United States Attorney's supervision, he is not acting as an assistant and has exceeded the powers of his statutory office."), no matters may proceed in the district court until the legitimacy of Mr. Frazer's appointment is resolved by the Court of Appeals.

  In that regard, as the Government quoted, the Clerk for the Court of Appeals issued an order on April 17, 2026 observing that "[a]s the underlying District Court case is still ongoing,

the order on appeal may not be appealable by the defendant at this time." *United States v. Naviwala*, No. 26-1896 (3d Cir. Apr. 17, 2026) Dkt. No. 4 (citations omitted). The Government neglected to quote the very next sentence, which reads: "All parties must file written responses addressing this issue, with a certificate of service attached, within fourteen (14) days from the date of this order." *Id.* Of course, Mr. Naviwala will do so and expects that his appeal will be allowed to proceed, just as the Government's appeal of Alina Habba's disqualification was allowed to proceed under the collateral order doctrine. *United States v. Giraud*, 160 F.4th 390, 396 (3d Cir. 2025).

In the event that Mr. Naviwala's appeal is dismissed, Mr. Naviwala proposes the following supplemental briefing and hearing schedule to provide for an orderly disposition of his case, and to address intervening changes in law and the U.S. Sentencing Guidelines. Mr. Naviwala takes this opportunity to advise the Court that he also will be filing a motion for bond pending appeal in the event his current appeal is dismissed, and will ask that he not be remanded at the time of sentencing, but instead be allowed to self-report.

- Supplemental Brief on Rule 29/33 Motion due within 30 days of dismissal of appeal with a hearing to be set as soon as practicable thereafter.

- Should the Rule 29/33 motion be denied, Mr. Naviwala's Sentencing Memorandum will be due within 30 days of said denial with the sentencing hearing set as soon as practicable thereafter.

- Motion for bond pending appeal due within 14 days after the conclusion of the sentencing hearing.

Respectfully submitted,

Doug A. Passon
Attorney for Raheel Naviwala

cc: Counsel of Record (via ECF)

2