

**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

*970 Broad Street, 7th floor*                     *973-645-2700*
*Newark, New Jersey 07102*

April 22, 2026

**<u>VIA ECF</u>**
Hon. Michael E. Farbiarz
United States District Judge
District of New Jersey
Frank Lautenberg Post Office
      & U.S. Courthouse
Newark, New Jersey 07102

      Re:    *United States v. Raheel Naviwala*, Crim. No. 24-99 (MEF)

Dear Judge Farbiarz:

      The United States submits this reply to defendant Raheel Naviwala's letter of April 20, 2026, *see* ECF No. 332, and the Court's April 20, 2026 text order, *see* ECF No. 333. As explained below, Naviwala's Notice of Appeal does not divest the Court of jurisdiction because any appeal is clearly premature. There is therefore no reason to delay the sentencing hearing.

      First, although notices of appeal ordinarily divest district courts of jurisdiction, *see Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), in the Third Circuit, "district courts should continue to exercise their jurisdiction when faced with clearly premature notices of appeal." *Mondrow v. Fountain House*, 867 F.2d 798, 800 (3d Cir. 1989). Any other approach would result in "delay[s] at the trial level during the pendency of an ineffective appeal." *Id.* Such interruptions in the district courts' dockets and calendars would make no sense and would impose severe burdens. *See id.* ("We recognize that a district court may be reluctant to proceed when, in order to do so, it must in effect determine that the court of appeals has no jurisdiction. Nevertheless, such a procedure has the salutary effect of avoiding delay at the trial level during the pendency of an ineffective appeal.").

      Here, Naviwala's Notice of Appeal is "clearly premature." *See id.* That is because an order denying a defendant's motion to dismiss is not a final judgment; therefore, this interlocutory appeal is invalid. "[A] notice of appeal filed during the pendency of a post-trial motion is 'a nullity. . . . [I]t is as if no notice of appeal were filed at all.'" *Id.* at 799 (quoting *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 61 (1982)). Denials of motions to dismiss and motions to disqualify are not immediately appealable orders. *See United States v. Hollywood Motor Car Co.*, 458 U.S. 263 (1982) (per curiam) (order refusing to dismiss indictment cannot be

appealed until after final judgment); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368 (1981) (order refusing to disqualify counsel cannot be appealed until after final judgment); *see also United States v. Kuper*, 522 F.3d 302, 303-05 (3d Cir. 2008) (dismissal of indictment without prejudice on Speedy Trial Act grounds is not immediately appealable because it is not a final order).

Though the "general rule" is that an appeal divests the district court of jurisdiction, there is "[o]ne exception, in both civil and criminal cases" when a party takes an "appeal from an order or judgment which is not appealable." *Venen v. Sweet*, 758 F.2d 117, 120-21 (3d Cir. 1985). A jurisdictionally frivolous interlocutory appeal cannot force the district court to bring a case to a halt. *See, e.g., Coinbase v. Bielski*, 599 U.S. 736, 745 (2023) ("[N]early every circuit has developed a process by which a district court itself may certify that an interlocutory appeal is frivolous."); *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629 (2009) ("Appellate courts can streamline the disposition of meritless claims and even authorize the district court's retention of" a case "when an appeal is certified as frivolous"). Were it otherwise, a litigant could "temporarily . . . deprive a district court of jurisdiction at any non-critical or critical juncture including trial itself, thus bringing proceedings . . . to a standstill while a non-appealable ruling wends its way through the appellate process. This 'great potential for disruption' has been recognized by this court." *Venen*, 758 F.2d at 121 (quoting *United States v. Leppo*, 634 F.2d 101, 105 (3d Cir. 1980)). Because Naviwala's interlocutory appeal is "clearly premature," his Notice of Appeal does not divest this Court of jurisdiction. *Mondrow*, 867 F.2d at 800.

Indeed, the day after Naviwala filed his Notice of Appeal, the Court of Appeals ordered the parties to address by May 1, 2026, the jurisdictional issue it had flagged. *See United States v. Naviwala*, No. 26-1896 (3d Cir. Apr. 17, 2026) Dkt. No. 4 (citing *Flanagan v. United States*, 465 U.S. 259, 263 (1984), and *United States v. Soriano Nunez*, 928 F.3d 240. 243-44 (3d Cir. 2019)). And on Monday, well ahead of that May 1 deadline, the United States moved to dismiss Naviwala's appeal. *See United States v. Naviwala*, No. 26-1896 (3d Cir. Apr. 20, 2026) Dkt. No. 6. That motion (attached for this Court's convenience) explains why, contrary to Naviwala's assertion to this Court, his appeal cannot proceed under the collateral order doctrine. *Id.* at 4-9; *see United States v. Giraud*, 160 F.4th 390, 396 n.2. (3d Cir. 2025) (orders denying motions to dismiss indictments "are unreviewable interlocutory orders"); *United States v. Shah*, 43 F.4th 356, 362–64 (3d Cir. 2022) (affirming on appeal from judgment of conviction denial of motion to disqualify). Simply put, the issues he is raising in his improper interlocutory appeal are ones he can raise in due course, after this Court has entered judgment.

Second, sentencing in this case should be set as soon as practicable. Months after first complaining about the delayed disposition of his post-trial motions and his delayed sentencing and demanding the extraordinary remedy of dismissal as a result, ECF No. 257, Naviwala now seeks to delay proceedings even further through

a staggered schedule that would give him 30 days after the disposition of his jurisdictionally frivolous interlocutory appeal to file a supplemental brief in support of his already fully briefed post-trial motions and then 30 days after the denial of that motion to submit his sentencing memorandum. His request is hard to square with Rule 32's command that "[t]he court must impose sentence without unnecessary delay," Fed. R. Crim. P. 32(b)(1), a command that Naviwala affirmatively invoked in his motion to dismiss, ECF No. 281 at 31.

As the Court is aware, Naviwala repeatedly has sought to delay proceedings against him (including sentencing). *See, e.g.*, ECF Nos. 38, 203, 227; *see also* ECF No. 259 at 1-2, 4 (summarizing Naviwala's delay tactics). Naviwala's post-trial motions were filed in March 2025, and the United States filed its opposition the next month. *See* ECF Nos. 186, 199. With this Court's leave, his new counsel finally filed Naviwala's reply brief on July 7, 2025. ECF No. 235. If the Court requires oral argument, the United States is available at the Court's convenience and proposes that the sentencing hearing proceed on the same date. But the Court should deny Naviwala's eleventh hour attempt to raise new issues in his post-trial briefing—his request is untimely and should be denied.

As for Naviwala's sentencing submission and bail application, the delay he seeks is unreasonable. The United States's memorandum was filed seven months ago, before the October 1, 2025 sentencing was adjourned, in accordance with the sentencing standing order's deadline. Rather than permit further delay, the Court should schedule sentencing for as soon as practicable. The Court should order Naviwala to file his sentencing memorandum 14 days before sentencing and the United States to file its reply seven days before. The United States anticipates that its reply will address why bail pending appeal is inappropriate and why Naviwala should be remanded immediately after sentencing.

Respectfully submitted,

ROBERT FRAZER
United States Attorney

Elaine K. Lou
Matthew Specht
Aaron L. Webman
Assistant U.S. Attorneys

cc:    Counsel of Record (via ECF)