UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RAHEEL NAVIWALA,<br>          Appellant. | Appeal No. 26-1896 |

MOTION TO DISMISS THIS APPEAL.

The United States moves to dismiss this interlocutory appeal for lack of appellate jurisdiction. The United States respectfully requests that this Court act expeditiously on this motion to minimize any further delay in the disposition of Appellant Raheel Naviwala's post-trial motions and the imposition of his sentence.

1.      Naviwala is appealing an order of the District Court (Hon. Matthew W. Brann, Ch. U.S.D.J., sitting by designation) denying: (1) his untimely motion to reconsider the denial of his motion to dismiss his superseding indictment; and (2) his motion to disqualify United States Attorney Robert Frazer and the prosecutors Mr. Frazer supervises on Naviwala's case. This Court lacks jurisdiction to review either aspect of that order prior to entry of a judgment of conviction in this case. *See United States v. Hollywood Motor Car Co.*, 458 U.S. 263 (1982) (per curiam) (order refusing to dismiss indictment cannot be appealed until after final judgment); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368 (1981) (order refusing to disqualify

counsel cannot be appealed until after final judgment). Nor would mandamus relief be appropriate. So this Court should dismiss this appeal.

2.    On February 28, 2025, a jury convicted Naviwala before the Honorable Michael A. Farbiarz, U.S.D.J., on six counts of a superseding indictment charging health care fraud and kickback offenses. DE176; *United States v. Naviwala*, __ F. Supp. 3d __, 2026 WL 658885, at *6 (D.N.J. 2026) [*Naviwala I*]. He filed a timely post-trial motion seeking a judgment of acquittal or, alternatively, a new trial. DE186. That motion is fully briefed and remains pending. DE199, 235, 238, 239.[1]  Assuming Judge Farbiarz denies that motion, the Government will seek a 20-year term of imprisonment for Naviwala and orders requiring him to forfeit $10,367,073.28 and pay $102,305,295 in restitution to the victims of the fraud and kickback scheme, given Naviwala's central role in that scheme. DE284, at 8; DE331 (ratifying sentencing memo).

3.    In September 2025, Naviwala challenged the authority of Alina Habba to lead the United States Attorney's Office for the District of New Jersey (USAO-NJ). DE241. He moved to disqualify her and anyone she supervised on this case. DE243, 244, 246. Judge Farbiarz transferred the case to Chief Judge Brann as related to another case already before the Chief Judge: *United States v. Giraud*. DE248. Naviwala then moved to dismiss the superseding indictment. DE257. After the motion was fully briefed, DE259, 265, but before Chief Judge Brann could decide it, this Court affirmed Chief

---

[1]  "DE__" refers to the docket entry below, using its internal pagination.

Judge Brann's disqualification orders in *Giraud* and a related case. *United States v. Giraud*, 160 F.4th 390 (3d Cir. 2025).

4.      A week later, Ms. Habba resigned from the USAO-NJ and took a different position within the Department of Justice. DE267. The same day, the then-Attorney General installed a three-person supervisory structure to oversee the USAO-NJ. DE268. Naviwala challenged that supervisory structure, too, through a second motion to disqualify, which also sought to dismiss the superseding indictment. DE269, 281. After several rounds of briefing and oral argument, *Naviwala I*, 2026 WL 658885, at *5, on Monday, March 9, 2026, Chief Judge Brann granted Naviwala's motion to disqualify but denied his motion to dismiss, DE318.

5.      Two weeks later, the District Court appointed Mr. Frazer as United States Attorney under 28 U.S.C. § 546(d). DE319. But that wasn't good enough for Naviwala. On Friday, March 27, 2026—18 days after Chief Judge Brann issued his *Naviwala I* decision and accompanying order—Naviwala announced his intent to challenge Mr. Frazer's appointment, too. DE321. A week later, Naviwala moved to disqualify Mr. Frazer. DE323. But in the same motion, Naviwala also belatedly sought reconsideration of the denial of his second motion to dismiss the superseding indictment. DE323; *see United States v. Naviwala*, No. 24-cr-099, 2026 WL 1031149, at *1 (D.N.J. Apr. 16, 2026) ("He also makes an untimely request for reconsideration of my prior decision to deny him the remedy of dismissal.") [*Naviwala II*].

– 3 –

6.    Following full briefing, DE324–325, Chief Judge Brann denied Naviwala's motion on Thursday afternoon, April 16, in an order and accompanying 25-page opinion. DE326–327. That evening, Naviwala noticed an appeal from the April 16 order, insisting it is immediately appealable under the collateral order doctrine. DE328. He's wrong. As this Court has suggested, because "the underlying District Court case is still ongoing, the order on appeal" is *not* "appealable by the defendant at this time." *United States v. Naviwala*, No. 26-1896, Doc. 4 (3d Cir. Apr. 17, 2026).

7.    "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (cleaned up). This Court's appellate jurisdiction is normally limited to "final decisions of the district courts of the United States." 28 U.S.C. § 1291. "This final judgment rule requires that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits. In a criminal case the rule prohibits appellate review until conviction and imposition of sentence." *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (cleaned up).

8.    The final judgment rule: "helps preserve the respect due trial judges by minimizing appellate-court interference with the numerous decisions they must make in the pre-judgment stages of litigation"; "reduces the ability of litigants to harass opponents and to clog the courts through a succession of costly and time-consuming appeals"; and "is crucial to the efficient administration of justice." *Id.* at 263–64 (cleaned up). "[T]his policy is at its

– 4 –

strongest in the field of criminal law," as the reasons for the final judgment rule are "especially compelling in the administration of criminal justice." *Cobbledick v. United States*, 309 U.S. 323, 325 (1940). "Promptness in bringing a criminal case to trial has become increasingly important as crime has increased, court dockets have swelled, and detention facilities have become overcrowded." *Flanagan*, 465 U.S. at 264. So the policy of Congress embodied in § 1291 "is inimical to piecemeal appellate review of trial court decisions which do not terminate the litigation[.]" *Hollywood Motor Car Co.*, 458 U.S. at 265.

9. The importance of the final judgment rule has led the Supreme Court to permit departures from it "only when observance of it would practically defeat the right to any review at all[,]" *Cobbledick*, 309 U.S. at 324–25 (footnote omitted)—that is, only for the limited category of cases falling within the collateral order exception delineated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). *See Flanagan*, 465 U.S. at 265. To come within this "narrow exception," *Firestone Tire & Rubber Co.*, 449 U.S. at 374, the order must satisfy at least three conditions: "it must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment," *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 498 (1989) (cleaned up).

10. The Supreme Court has "interpreted the collateral order exception with the utmost strictness in criminal cases." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989) (cleaned up). The Court has allowed defendants to appeal only five kinds of orders in criminal cases before

– 5 –

judgment: (1) bail orders, *Stack v. Boyle*, 342 U.S. 1, 4 (1951); (2) denial of a non-frivolous motion to bar trial based on a claimed violation of double jeopardy, *Abney v. United States*, 431 U.S. 651, 659–60 (1977); (3) denial of a motion to bar prosecution based on a claimed violation of the Speech or Debate Clause of the Constitution, *Helstoski v. Meanor*, 442 U.S. 500, 507–08 (1979); (4) an order compelling the defendant to submit to forced medication to restore competency to stand trial, *Sell v. United States*, 539 U.S. 166, 176–77 (2003); and (5) denial of a motion to bar trial based on a claim of Presidential immunity, *see Trump v. United States*, 603 U.S. 593 (2024). Neither aspect of the order that Naviwala is trying to appeal falls within any of those categories.

11.    Moreover, the Supreme Court has held that the denial of a motion to dismiss an indictment because of prosecutorial vindictiveness or a violation of the Sixth Amendment right to a speedy trial cannot be appealed on an interlocutory basis. *Hollywood Motor Car Co.*, 458 U.S. at 268–70 (prosecutorial vindictiveness); *United States v. MacDonald*, 435 U.S. 850 (1978) (speedy trial). Such a claim "particularly fails the third part of the test for *Cohen* appeals": "that the claim be effectively unreviewable on appeal from a final judgment." *Hollywood Motor Car Co.*, 458 U.S. at 267 (cleaned up). That "holding reflects the crucial distinction between a right not to be tried and a right whose remedy requires the dismissal of charges." *Id.* at 269. "The former necessarily falls into the category of rights that can be enjoyed only if vindicated prior to trial. The latter does not." *Id.*

12. Likewise, the Supreme Court has held that "denials of disqualification motions are not immediately appealable 'collateral orders'" under *Cohen*'s exception. *Firestone Tire & Rubber Co.*, 449 U.S. at 375. Although such an order "meets the first part of the 'collateral order test'" and might meet the second, it cannot satisfy the third: "an order denying disqualification is" not "effectively unreviewable on appeal from a final judgment within the meaning of" the Supreme Court's collateral order doctrine cases. *Id.* at 375–76 (cleaned up). Granted, *Firestone Tire & Rubber Co.* reserved "on whether an order denying a disqualification motion in a criminal case would be appealable under § 1291." 449 U.S. at 372 n.8. But such denials *are* reviewable on appeal from a judgment of conviction.[2] So such a denial cannot be reviewed before that judgment is entered: It "is not an issue which is destroyed if not vindicated before" then. *In re April 1977 Grand Jury Subpoenas*, 584 F.2d 1366, 1370 (6th Cir. 1978) (en banc) (cleaned up) (adding that defendants "can raise the disqualification of counsel issue after indictment and conviction").

---

[2] *See, e.g.*, *United States v. Shah*, 43 F.4th 356, 362–64 (3d Cir. 2022) (affirming on appeal from judgment of conviction denial of motion to disqualify entire U.S. Attorney's Office); *United States v. Suescun*, 237 F.3d 1284, 1286–88 (11th Cir. 2001) (holding on appeal from judgment of conviction that defendant's unconditional guilty plea waived authority challenge); *United States v. Fitzhugh*, 78 F.3d 1326, 1329–30 (8th Cir. 1996) (holding on appeal from judgment of conviction that defendant waived authority challenges by not raising them before trial); *United States v. Plesinski*, 912 F.2d 1033, 1038–39 (9th Cir. 1990) (affirming on appeal from judgment of conviction denial of challenge to prosecutor's appointment); *United States v. Cravero*, 545 F.2d 406, 410 (5th Cir.1976) (rejecting challenge to prosecutor's appointment on appeal from judgment of conviction).

13.     Nor does it matter that Naviwala sought both disqualification and dismissal to remedy the supposed Appointments Clause violation resulting from Mr. Frazer's judicial appointment. "A right not to be tried [or sentenced] in the sense relevant to the *Cohen* exception rests upon an explicit statutory or constitutional guarantee that trial [or sentencing] will not occur—as in the Double Jeopardy Clause ... or the Speech or Debate Clause[.]" *Midland Asphalt Corp.*, 489 U.S. at 801. The Appointments Clause, however, provides no such guarantee. Rather, that clause requires at most a do-over of any proceeding tainted by the invalid appointment. *See Cirko ex. rel. Cirko v. Commissioner of Soc. Sec.*, 948 F.3d 148, 149–60 (3d Cir. 2020). And even that wouldn't be necessary if a validly appointed officer ratifies the act in question. *See Kajmowicz v. Whitaker*, 42 F.4th 138, 147 (3d Cir. 2022).

14.     Proving the point, in *United States v. Valencia*, 940 F.3d 181 (5th Cir. 2019), the defendant moved to dismiss his indictment on the grounds that the President illegally "designated Matthew Whitaker as Acting Attorney General." *Id.* at 182. After the district court denied the motion to dismiss, the defendant appealed, arguing that "Whitaker's designation" violated "the Appointments Clause" and "applicable federal statutory law." *Id.* (cleaned up). He also argued that the district court "erred in holding that, even absent a lawfully appointed Attorney General, a validly appointed United States Attorney maintains the authority to prosecute." *Id.* The Fifth Circuit held that the denial of the motion was "not an appealable collateral order" because it was "not effectively unreviewable on appeal from a final judgment." *Id.* at 183

– 8 –

(cleaned up). The defendant could "raise these same issues when appealing any adverse final judgment per § 1291." *Id.* So too here.

15.    This Court's decisions in *Giraud* and *United States v. Whittaker*, 268 F.3d 185, 192 (3d Cir. 2001), don't hold otherwise. *Giraud* reiterated that orders denying motions to dismiss indictments "are unreviewable interlocutory orders[.]" 160 F.4th at 396 n.2. And *Whittaker* confirms that Naviwala cannot appeal at this interlocutory stage the denial of his motion to disqualify. The United States "cannot appeal from a judgment of not guilty for constitutional reasons, and it ordinarily would not be able to appeal from a judgment of conviction and sentence, as it would be the prevailing party." *Whittaker*, 268 F.3d at 192. In contrast, Naviwala can appeal his conviction if Judge Farbiarz denies the post-trial motions and imposes a sentence. In that appeal, Naviwala can challenge Mr. Frazer's judicial appointment as United States Attorney. So Naviwala cannot show that the denial of his motion "effectively will be unreviewable on appeal from a final judgment." *Id.*

16.    Nor is mandamus relief available. Mandamus may "not be used as a substitute for appeal." *United States v. Wexler*, 31 F.3d 117, 128 (3d Cir. 1994). Indeed, requiring Naviwala to wait for the entry of a judgment of conviction will enable him to appeal the denial of his motion to dismiss, which he couldn't do now even were this appeal proper. He didn't file a notice of appeal from the *Naviwala I* order itself, and his motion for reconsideration was both untimely, *see Naviwala II*, 2026 WL 1031149, at *1, *3, and outside the 14-day window for filing a notice of appeal, *see* Fed. R. App. P. 4(b)(1). So were this

– 9 –

appeal to proceed, this Court would review the denial of the motion for reconsideration, not the denial of the motion to dismiss. *See United States v. Kalb*, 861 F.3d 455 (3d Cir. 2018).

17.     Moreover, Naviwala cannot show "exceptional circumstances amounting to a judicial usurpation of power" or that his "right to issuance of the writ [of mandamus] is clear and indisputable." *Will v. United States*, 389 U.S. 90, 95–96 (1967) (cleaned up). To the contrary, Chief Judge Brann issued a thorough opinion in *Naviwala II* explaining why Mr. Frazer's § 546(d) appointment as United States Attorney was valid and (for the second time) why Naviwala didn't deserve dismissal as remedy for the Appointments Clause violation the Court had found regarding the USAO-NJ's prior supervisory structure. *Naviwala II*, 2026 WL 1031149, at *1–*11; *see Naviwala I*, 2026 WL 658885, at *46–*47, *49 n.525.

For all these reasons, the United States respectfully requests that this appeal be dismissed. The United States greatly appreciates this Court's consideration.

Respectfully submitted,

ROBERT FRAZER
UNITED STATES ATTORNEY

Mark E. Coyne
Supervisory Assistant U.S. Attorney
Chief, Appeals Division
(973) 297-2002

Dated: April 20, 2026

– 10 –

**CERTIFICATION OF COMPLIANCE AND SERVICE**

I hereby certify that this filing complies with the typeface, type style and length limits of Federal Rule of Appellate Procedure 27(d). The filing contains 2,546 countable words and was prepared using Microsoft Word for Microsoft 365 MSO's 14-point proportionally spaced Calisto MT typeface.

I further certify that this filing was prepared on a computer automatically protected by an updated version of Trellix Endpoint Security and no virus was detected.

I further certify that I caused a copy of this motion to be served by the Notice of Docketing Activity generated by the Third Circuit's electronic filing system on all counsel of record in this case.

Mark E. Coyne
Supervisory Assistant U.S. Attorney
Chief, Appeals Division

Dated: April 20, 2026