UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

CCO-137

No. 26-1896

UNITED STATES OF AMERICA

v.

RAHEEL NAVIWALA,
Appellant

(D.N.J. No. 2:24-cr-00099-001)

Present: KRAUSE, CHUNG and MASCOTT, *Circuit Judges*

1. By the Clerk for possible dismissal due to a jurisdictional defect;

2. Motion filed by Appellee USA to dismiss case for lack of jurisdiction;

3. Response filed by Appellant Raheel Naviwala to Clerk order and Opposition to the Government's Motion to Dismiss this Appeal;

4. Letter dated 08/07/2026, filed pursuant to Rule 28(j) from counsel for Appellee USA;

5. Response filed by Appellant Raheel Naviwala to Rule 28(j) letter;

6. CORRECTED Letter dated 08/31/2026 , filed pursuant to Rule 28(j) from counsel for Appellee USA;

7. Response filed by Appellant Raheel Naviwala to Rule 28(j) letter;

8. Letter dated 09/29/2026 , filed pursuant to Rule 28(j) from counsel for Appellee USA; and

9. Response filed by Appellant Raheel Naviwala to Rule 28(j) letter.

Respectfully,
Clerk/amr

ORDER

The government's motion to dismiss this appeal for lack of appellate jurisdiction is GRANTED. Criminal defendants ordinarily cannot appeal until after sentencing. *See Flanagan v. United States*, 465 U.S. 259, 263 (1984). The order denying the defendant's motion to disqualify the prosecutor and dismiss the charges is not an immediately appealable collateral order. *See United States v. Giraud*, 160 F.4th 390, 396 n.2 (3d Cir. 2025); *United States v. Barron*, 703 F.2d 270, 270 (7th Cir. 1983); *United States v. Caggiano*, 660 F.2d 184, 191 & n.7 (6th Cir. 1981); *see also GEO Grp., Inc., v. Menocal*, 607 U.S. 438, 444 (2026) (explaining collateral-order test and that collateral orders are "identif[ied] [. . .] by category, not case-specific circumstances").

By the Court,

s/Cheryl Ann Krause
Circuit Judge

Dated: October 7, 2026
amr/Cc: All counsel of record

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT • SEAL OF

**A True Copy**:

Patricia S. Dodszuweit, Clerk
Certified Order Issued in Lieu of Mandate