Law Offices of Doug Passon PC
LAW LIKE YOU'VE NEVER SEEN

**10565 N. 114th St., SUITE 101**
**SCOTTSDALE, AZ 85259**

**DOUG PASSON**
**Attorney | Documentarian**

**480-448-0086**
**(Fax) 480-448-8948**
**(800) 846-3909**
**doug@dougpassonlaw.com**

October 8, 2026

Hon. Michael E. Farbiarz
United States District Judge
District of New Jersey
Frank R. Lautenberg Post Office
and U.S. Courthouse
Newark, New Jersey 07101

Re: *United States v. Naviwala*, No. 2:24-CR-99

Dear Judge Farbiarz:

As the Court is aware, yesterday the U.S. Court of Appeals for the Third Circuit dismissed Mr. Naviwala's interlocutory appeal of Chief Judge Brann's order denying his motion to disqualify Robert Frazer as U.S. Attorney and to dismiss the superseding indictment. Order, *United States v. Naviwala*, 26-1896 (3d Cir. Oct. 7, 2026), Dkt. 20-2.

Currently pending before this Court is Mr. Naviwala's Rule 29 hearing as well as his sentencing. With respect to the Rule 29 hearing, as the Court will recall, Mr. Naviwala sought leave to file a supplemental Rule 29 motion, which this Court indicated it "will permit." Text Order, *United States v. Naviwala*, 2:24-cr-00099 (D.N.J. Apr. 27, 2026), ECF Doc. 335. Mr. Naviwala intends to do so once this Court issues a briefing schedule.

However, before doing so, and in order to assist the Court in planning and scheduling any hearings, the Court should be aware that Mr. Naviwala also will be moving the Court of Appeals for both panel rehearing and rehearing *en banc* pursuant to Fed. R. App. 40. Mr. Naviwala will do so on or before October 21, 2026.

Among the reasons Mr. Naviwala is seeking a rehearing is that the Court of Appeals appears to have overlooked the recent case of *Rogoff v. Trump*, No. 2:26-CV-02566, 2026 U.S. Dist. LEXIS 225797 (W.D.Wa. Oct. 1, 2026), notwithstanding that he brought that case to the Court of Appeals attention the very next day after its issuance. *See* Appellant's Rule 28(j) Letter, *United States v. Naviwala,* 26-1896, (3d Cir. Oct. 2, 2026), Dkt. 19. *Rogoff* held that in light of "[t]he U.S. Constitution and statutes set[ing] out a clear framework for the process of appointing a U.S. Attorney," "[t]he President cannot unilaterally fire a U.S. Attorney appointed by the Court." *Id.* at *7-8.

Applying *Rogoff* here, it would then follow that the District Court for the District of New Jersey had no authority to appoint Robert Frazer as the office of the U.S. Attorney was not vacant. Desiree Grace remained and remains the U.S. Attorney as the President had no authority to fire her. The collateral order doctrine therefore clearly applies to Mr. Naviwala's interlocutory appeal as he has a due process right not be prosecuted by an illegitimate U.S. Attorney, which cannot be vindicated by waiting until he brings his direct appeal.

In all events, to avoid unnecessary litigation, your Honor may wish to wait to see if the Court of Appeals grants Mr. Naviwala's motion for rehearing before scheduling any matters in this case or issuing a briefing schedule on the pending Rule 29 matter.

Respectfully submitted,

Doug A. Passon
Attorney for Raheel Naviwala

cc: Counsel of Record (via ECF)